CLAIRBORNE, The (JARVIS v.). See Case No. 7,225.

## Case No. 2,781.

### In re CLAIRMONT.[1]

[1 Lowell, 230;[2] 1 N. B. R. 276 (Quarto, 42); 1 Am. Law T. Rep. Bankr. 6.]

District Court, D. Massachusetts. 1868.

BANKRUPTCY—CONFIRMATION OF ASSIGNEE — DISQUALIFICATION.

1. In passing upon the confirmation of an assignee who has been chosen by the creditors, the court must be guided by a sound judicial discretion, and ought to reject one whom there is probable cause to believe disqualified by character or otherwise from performing the duties of the place with fairness.

[Cited in Re Wetmore, Case No. 17,466.]

2. A person who resides out of the district, or who has a direct interest adverse to that of the creditors generally, or who is the attorney of such a person or of the bankrupt, is disqualified.

3. But a general creditor, or the attorney of one, or a person who has been an attorney of the bankrupt in matters not connected with the bankruptcy, is not necessarily ineligible. Mere bias or prejudice arising from information concerning the conduct and dealings of the bankrupt will not usually disqualify.

LOWELL, District Judge. The person whom the majority in number and value of the creditors choose to be the assignee ought to be confirmed, unless disqualified by residence out of the district, by personal character, or by come interest adverse to that of the body of creditors. I expect the register to report any such objection, if known to him, whether taken by any creditor or not. When objection is taken the burden of proving it is undoubtedly upon the objector, and yet in so delicate a matter, and one in which direct evidence is not always possible, reasonable cause of suspicion might in some cases be sufficient for my action, which is intended to be discretionary. The most common application is to add an assignee to those chosen by the creditors, and this is often put on the ground that two parties have been formed among the creditors who have very closely contested the election and divided the vote. I do not usually yield to this suggestion because, as was said by counsel in one case, the statute does not appear to intend a minority representation; and it is within the jurisdiction of the creditors to decide upon the number of the assignees as well as to choose them. It is suggested perhaps that one of these parties is more favorable to the bankrupt, and the other is disposed to treat him with rigor, but I do not consider that any such general bias ought to disqualify a person of standing and character. One reason is that it would be almost impossible to find, in these contested cases, any suitable assignee, connected in any way with the estate, who had not formed such an impression. When there is a failure to elect from a balance of power in different sets of creditors, the majority in number differing from that in value, I have found it to be inexpedient to undertake to compromise the difference by appointing one assignee from each side, and I shall usually in such cases go outside of the estate and take some person who is entirely unbiased: and so where I add an assignee to those chosen. But I do not dictate to the creditors and require them to follow my example. If they choose one of their own number, I shall not usually refuse to confirm him merely because he may have taken one side in a contest of this kind, and have formed some general impression favorable or unfavorable to the conduct and dealings of the bankrupt.

If, on the other hand, the party supposed to be favorable to the bankrupt should prevail, I should not set aside the election unless there were similar grounds for it in the character or interest of the assignee as I have already referred to. The attorney of a creditor would not be ineligible unless his constituent were, and one who has been the attorney of the debtor in matters not connected with the bankruptcy, but who has ceased to have any retainer, might be confirmed.

It must be remembered that creditors retain an important power over the settlement of the estate. They have a right to require the assignee to prosecute or defend actions, to object to the proof of debts, and to examine the bankrupt; or they can do some of these things in their own behalf if they prefer it; they ought to exercise an oversight of the affairs, and to keep the assignee advised of important facts, and they can oblige him to act upon the information given him. This being so, I look to the character of the assignee, his direct interest, if any, and his present relations to the parties to any actual or probable litigation, but not much to any supposed general bias for or against the bankrupt or his dealings.

CLANCEY (UNITED STATES v.). See Case No. 14,800.

[1] This report contains the substance of the observations of Lowell, J., in several cases, including that of Clairmont.

[2] [Reported by Hon. John Lowell, LL. D., District Judge, and here reprinted by permission.]