JOHN Q. TWITCHELL and others

*vs.*

WILLIAM O. BLANEY and another.

Hancock.    Opinion February 12, 1884.

*Insolvency.    Appointment of assignee.    Appeal.*

No appeal lies from the decision of a judge of insolvency, refusing to confirm the election of an assignee chosen by creditors and ordering a new election. Remedy in such a case would be by bill in equity.

In the matter of appointments the judge of insolvency exercises a discretion, and his action therein is conclusive unless some palpable error or abuse of discretion be committed.

It is not enough to overrule the judge's decision that this court might have decided differently; or that the judge assigns not strictly legal reasons for his action; or that he acts upon grounds of expediency in ordering a new election; keeping a suitable person out of the office would not necessarily be an abuse of power, while keeping an unsuitable person in would be.

ON EXCEPTIONS.

Petition to review a certain order and decree of the judge of the court of insolvency.

(Petition.)

" Hancock, ss. S. J. Court. In the matter of Warren G. Savage, insolvent.

" To the Honorable Justices of the Supreme Judicial Court.

" Respectfully come John Q. Twitchell and James P. Champlin, both of Portland, in the county of Cumberland, copartners doing business at said Portland under the firm name and style of Twitchell, Champlin and Company, and, as well as in their own behalf as in behalf Albert Lewis, T. R. Savage and Company and Files and Jones, all of Bangor in the county of Penobscot, Hattie W. Savage of Ellsworth in the county of Hancock, Cousins and Tomlinson, Ivory L. Bean and Robert Chapman and Company, all of Portland aforesaid, file their petition in equity against William O. Blaney and Leroy S. Brown of Boston, Mass. copartners under the firm name and style of Blaney, Brown and Company, and hereupon allege and say :

" That on the seventh day of February, A. D. 1883, at a session of the insolvency court within and for said county of Hancock, having jurisdiction of proceedings in insolvency, Warren G. Savage of Ellsworth, in said county, upon his own petition was adjudged an insolvent debtor, and that on said seventh day of February a warrant of insolvency was issued out of said court of insolvency against the estate of said Warren G. Savage, and that at a session of said court at Bucksport, on the twentieth day of February, A. D. 1883, a meeting of the creditors of said insolvent to prove their claims and debts, and make choice of one or more assignees of said insolvents' estate, was duly called and held in the presence of said judge ; that at said meeting the following creditors appeared by their attorney and proved their debts against said insolvent, which were allowed by said judge, to wit : Albert Lewis, T. R. Savage and Company, Hattie W. Savage, Files and Jones, Cousins and Tomlinson, Twitchell, Champlin and Company, Ivory S. Bean and Robert Chapman and Company, that said creditors and the several debts so proved by them constituted a greater part in number, of said creditors, and value of debts of the creditors present in person and by attorney who proved their debts and voted for assignee of said insolvent,

and that the aforesaid creditors voting as aforesaid, made choice of Charles D. Seaton of Portland, aforesaid, as assignee of the estate of said debtor, one creditor representing $1388 38-100 of proved debts voting for A. P. Wiswell, and all other creditors representing $2731 28-100 of proved debts voting for said Seaton; by reason whereof said Seaton was then and there duly chosen as assignee as aforesaid; that said judge refused to approve of said election of said Seaton, and ordered a new election, on the following grounds, and for the following alleged reasons, to wit:

"First,—Because said Seaton is a resident of Cumberland county. Second,—Because among the assets of said insolvent are certain goods and chattels which are claimed by the firm of Twitchell, Champlin and Company as their own peculiar property, and because said Seaton being the clerk and agent of said Twitchell, Champlin and Company, and the rights of said insolvent estate and of said Twitchell, Champlin and Company and of said creditors, to said goods and chattels being conflicting, said judge considered that said Seaton is unsuitable by reason of said interest, for said trust as assignee as aforesaid; that said new election has not been held nor has any order issued for the same; that said refusal to confirm said Seaton, and said order and decree were erroneous because said Seaton was duly elected assignee according to law, and because he is not in any way incapacitated from acting impartially as said assignee, and because there is no conflict between said Twitchell, Champlin and Company and the mass of creditors, but said Twitchell, Champlin and Company have been active in the interest of the mass of creditors, because said refusal and order were not made by said judge in the exercise of a sound discretion and according to law.

"Wherefore your petitioners pray this honorable court to review said order and decree, and correct the same and to give such relief to your petitioners in the premises as justice and equity require."

Subscribed and sworn to.

The exceptions were to the ruling of the court in dismissing the petition "for want of jurisdiction on the ground that the

remedy should be by appeal from the order of the judge of probate."

*William L. Putnam* and *George P. Dutton*, for the plaintiffs.

The complainants brought this bill in equity, for the purpose of testing whether the insolvent law was a local county law or a state law ; whether it is to be practically interpreted differently in each county, or is to be a harmonious and uniform system for the whole state ; whether the discretion at certain points vested in the judge of insolvency is a judicial discretion, or one to be exercised according to his personal whims, caprices, likes and dislikes ; whether an amendent is required to the constitution of the state, in *pari passu* with the late amendments to the constitution of the United States, providing that a resident of any county in the state is entitled to all the rights of residents in all the counties of the state, and whether a resident of the county of Cumberland is to be ostracised in the county of Hancock in the insolvency court, in a matter in which no resident of the county of Hancock has any interest whatever, because of the mere fact that the insolvent debtor, who was hopelessly involved, and who has no interest in his estate, resides in that county.

On the question of appeal counsel cited : Stat. 1879, c. 154, § 2 ; *Harris* v. *Peabody*, 73 Maine, 262.

*Hannibal E. Hamlin*, for the defendants, cited : Stat. 1879, c. 154, § 3 ; *Smith* v. *Sullivan*, 71 Maine, 155 ; *In re Wallace*, 2 B. R. 52 ; *In re Hunt*, 2 B. R. 166 ; Stat. 24 and 25, Vict. c. 134, § 116 ; R. S., U. S. 1878, § § 5034, 5039 ; *Bates, ex parte*, 1 Ge G. Mac. & G. 452 ; 16 Jur. 459 ; 21 L. J. Bank, 20 ; 5 Jacobs' Fisher's Dig. 6882 ; 7 B. R. 145 ; *Woods* v. *Buckwell*, 7 B. R. 405 ; S. C. 2 Dillon, 38 ; Bump, Bankruptcy, (7 ed.) 330, 365, 437 ; *In re Adley Bros.* 2 Woods, 571 ; *In re Dewey*, 4 B. R. 139 ; S. C. Lowell, 493 ; *In re Blodgett and Sanford*, 5 B. R. 472 ; *In re Malroy*, 4 B. R. 38 ; *In re Funkenstein*, 1 Pac. L. J. 11 ; *In re Clairmont*, 1 B. R. 42 ; *Morgan* v. *Thornhill*, 5 B. R. 1 ; *Coit* v. *Robinson*, 9 B. R. 289.

PETERS, C. J.　This is a petition in equity to review a proceeding of the court of insolvency.　The creditors of an insolvent

choosing an assignee, the judge disapproved the choice and ordered a new election. The bill alleges the decree to be unreasonable, asks to have it vacated, and prays for such other relief as the facts justify.

Should the remedy have been by an appeal from the order of the court below, instead of by bill in equity? We think not. The original insolvent act, passed in 1878, may have been broad enough to allow an appeal in a case like this. But the amendment to the act in 1879, (c. 154, § 2, Laws of 1879,) provides that an appeal shall lie only in certain specified cases, and this is not one of those cases. There is an excellent reason why an appeal should not lie in the case. It would necessarily suspend further proceeding with the insolvent estate until the appeal be passed upon by the appellate court. But, under a bill in equity, the court can apply the remedy in such form and to such extent as may be demanded by the exigencies and justice of the case. This view of the law is taken in *Bassett* v. *Hutchinson*, 9 Allen, 199, under a similar statute and similar facts. The statutes of our state allow an appeal from the appointment of an administrator by the probate court, but, to avoid embarrassments arising from such appeal, the judge may appoint a special administrator in case of an appeal, and from the latter appointment an appeal is not allowed. R. S., (1871) c. 63, § 21.

The respondents deny that this court has jurisdiction to entertain a bill in equity to review the action of a judge of insolvency in the matter of official appointments. In our opinion, the insolvent act expressly permits it. It has been virtually so decided. *Harris* v. *Peabody*, 73 Maine, 262. It should be so. There should be some redress, in extreme cases at least, against the abuse of discretionary powers by inferior tribunals. Of course, the remedy must be sparingly and cautiously applied. The action of a judge in matters of discretion, and the appointment of or the refusal to appoint a particular person as assignee comes within his discretion,— is generally conclusive. There must be palpable error and abuse of discretion to justify our interference.

In our judgment, the facts of the present case do not justify the remedy asked for by the petitioners. The reasons given by

the judge for his action may not have been in strictness legal ones. But we cannot say there may not be some expediency in his position. The judge had a right to regard the assignee chosen by the creditors as not fitted for the place. His discretion, not ours, governs. It is not enough to overrule the judge's action, that this court might have acted differently upon the question. Nor does it disturb the result that he gave wrong reasons for a right action. Judge LOWELL thinks, in the matter of appointments, a judge in some cases may act upon a reasonable suspicion. *In re Clairmont*, 1 Low. Dec. 230; *Marvin* v. *Ins. Co.* 85 N. Y. 278; *Ex parte Bates*, 1 De G.. M. & G. 452. A satisfactory answer to the complaint of the petitioners is, that by a new election a suitable person may still be chosen assignee. It makes a difference whether the judge keeps an unsuitable person in office, or merely keeps some particular person fitted for the trust out of office. In the former case the injury and abuse may be clear,—while in the latter case the mistake, if it be one, is easily cured. In the latter case, the facts should be of an extraordinary character and urgency to warrant our supervising the action of the judge. No such occasion appears here. See *Snow* v. *Weeks*, 75 Maine, 105.

*Exceptions overruled.*

WALTON, BARROWS, DANFORTH and LIBBEY, JJ., concurred.