## PETER WALSH, Respondent, *v.* HARTFORD FIRE INSURANCE COMPANY, Appellant.

A principal is only bound by an act of his agent in excess or abuse of his actual authority, where a third person, believing and having a right to believe that the act was within the authority, has acted or refrained from acting in reliance thereon, and would sustain damage if the act of the agent was not considered that of the principal.

A policy of fire insurance contained a condition declaring it void in case the premises insured should become and remain vacant for more than fifteen days without notice to the company and consent indorsed on the policy; also a provision that no officer, agent or representative of the company should be held to have waived any of its conditions unless such waiver was indorsed thereon in writing. In an action upon the policy it appeared that the dwelling insured became and remained vacant for more than fifteen days. On the day it was vacated a general agent of the defendant was notified, and was asked to consent thereto, which he did, and upon being asked if it was necessary to have the consent indorsed upon the policy, replied that it was not; that it was indorsed upon his book and was all right. The agent did make a memorandum of the consent in his register. No indorsement was made upon the policy, and the agent made no report to the company of the application for or the giving of consent. *Held*, that the evidence failed to show a valid consent or waiver of the condition, and that plaintiff was properly nonsuited; that, although the agent had apparent authority to consent, and, in the absence of special restictrions, to waive conditions in the policy; yet, as the mode of giving consent was specified, and the power of the agent to waive the condition was limited to an indorsement on the policy, which limitation plaintiff is to be presumed to have known, an oral consent or waiver did not bind defendant.

*Walsh* v. *Hartford Fire Insurance Company* (9 Hun 421), reversed.

(Argued December 3, 1877; decided March 19, 1878.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, reversing a judgment in favor of defendant, entered upon an order of the trial court. (Reported below, 9 Hun, 421.)

This action was upon a policy of fire insurance. The material provisions of the policy and the facts appear sufficiently in the opinion.

Upon the trial the court directed the jury to find the value

of the property, reserving the question as to which party was entitled to judgment, and thereafter decided that defendant was so entitled and ordered judgment accordingly.

*F. W. Hubbard*, for appellant. A forfeiture of the conditions of liability in a policy of insurance can only be waived in the manner the parties have prescribed by the written contract. (*Foot* v. *Ætna L. Ins. Co.*, 61 N. Y., 571; *Alexander* v. *Ger. Ins. Co.*, 2 N. Y. W'kly Dig., 175; 7 N. Y., 370; 19 Conn., 544; 54 N. Y., 193; 20 id., 52; *Anchor L. Ins. Co.* v. *Pease*, 66 Barb., 360; *Rohback* v. *Ger. F. Ins. Co.*, 62 N. Y., 47; *Bush* v. *West. F. Ins. Co.*, 63 id., 531; *Van Allen* v. *F. J. S. Ins. Co.*, 2 N. Y. W'kly Dig., 408.)

*J. B. Emmes*, for respondent. Carpenter was the general agent of defendant. (*Carroll* v. *Charter Oak Ins. Co.*, 40 Barb., 292; *Ellis* v. *Albany City F. Ins. Co.*, 50 N. Y., 402, 408.) He could make parol contracts of insurance binding upon the company. (*Fish* v. *Cotterel*, 44 N. Y., 538; 40 id., 402; *Angell* v. *Hartf. F. Ins. Co.*, 59 id., 171.) As such general agent Carpenter could waive any condition in the policy, and defendant would be bound thereby. (*Wood* v. *Poughkeepsie Ins. Co.*, 32 N. Y., 619; 38 Barb., 402; *Bodine* v. *Ex. F. Ins. Co.*, 51 N. Y., 117; 26 id., 460; 20 Wall., 560; 57 Barb., 519; 10 Abb. [N. S.], 166; *Parker* v. *Arctic F. Ins. Co.*, 1 N. Y. S. C. R., 397; 59 N. Y., 1; *Van Allen* v. *F. J. S. Ins. Co.*, 10 Hun, 397.) The parol waiver by Carpenter was binding on defendant. (*Pratt* v. *N. Y. C. Ins. Co.*, 55 N. Y., 505; *Thayer* v. *Agri. Ins. Co.*, 5 Hun, 556; *Hotchkiss* v. *Germ. F. Ins. Co.*, 5 id., 90; *Arkell* v. *Commerce Ins. Co.*, 7 id., 455; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y., 195; *Pitney* v. *Glen's Falls Ins. Co.*, 65 id., 6; *Blanchard* v. *Trim*, 38 id., 225; *Fish* v. *Cotterel*, 44 id., 538.)

ANDREWS, J. The policy contains the following conditions and provisions: " If the premises hereby insured shall

become vacated by the removal of the owner or occupant, and so remain for more than fifteen days without notice to the company and consent indorsed hereon, then the policy shall be void. And it is further expressly covenanted by the parties hereto that no officer, agent or representative of this company shall be held to have waived any of the terms and conditions of the policy, unless such waiver shall be indorsed hereon in writing. This policy is made and accepted upon the above express conditions."

The dwelling insured when the policy was issued was occupied by a tenant who left the premises June 3, 1875, and the house remained vacant from that time until the time of the fire, July 23, 1875. There was no consent to the vacancy indorsed on the policy, and *prima facie* the plaintiff was not entitled to recover. The vacancy for more than fifteen days before the fire having been shown, it was incumbent upon the plaintiff in order to maintain his action to establish that the company had waived or dispensed with the condition, or in some way precluded itself from taking advantage of it. It appeared upon the trial that one Carpenter was the agent of the defendant at Carthage, and was authorized to solicit risks, receive applications for insurance, fix rates of premium, and issue and renew policies on behalf of the defendant. The policy in question was issued by Carpenter. The plaintiff's son, who acted for him, met Carpenter on the day the dwelling was vacated, and informed him that the tenant was moving out, and asked him to consent that the dwelling should remain vacant, and Carpenter replied that he would give his consent. The next morning, as the son testified, he went to Carpenter's office to see if he had given consent, and asked him if it was necessary to get the policy and have the consent indorsed, and Carpenter replied, " it was not necessary ; it was indorsed on the books, and it was all right." Carpenter was called as a witness for the plaintiff and testified : " I think Mr. Walsh, either in the office or on the steps, spoke to me and asked me if it was not necessary to indorse that (consent) on the policy. I told him I did

not think it was, but I couldn't do it." Carpenter kept a register in which he entered a memorandum of the policies issued at his agency, and in the margin of the register opposite the memorandum of the policy in question was entered, in his handwriting, the words "permission to be vacated between time of tenant moving out and another coming in." When this entry was made is left uncertain. Carpenter, when pressed to state the time, said, " I guess it was before the fire." and he was unable to fix the time more definitely.

The plaintiff on the trial insisted that the evidence and facts above recited established a waiver by the defendant of the condition requiring that consent to a vacancy should be indorsed on the policy. In determining this question it is important to bear in mind that there is no proof tending to show a waiver by the company of the condition, independently of the acts of the agent Carpenter. The transaction between the agent and the insured was not known to the company until after the fire. The agent made no report of the fact that the consent had been applied for, or had been given. In short, there was no recognition, affirmance, or ratification by the company of what was said or done by the agent upon the application of the plaintiff for consent that the premises might remain vacant. The question, therefore, whether there was a valid consent that the dwelling might remain unoccupied, depends upon the authority of the agent to give such consent in any other mode than by indorsement upon the policy; or, in other words, whether having power to consent by indorsement on the policy, he could nevertheless bind the company by an oral consent, or by such consent accompanied with a memorandum thereof made in his register. That the agent was authorized to consent to the vacancy by a written indorsement on the policy is clearly implied from the language of the condition, and if the mode in which his consent should be manifested had not been specified, or if no provision upon the subject had been contained in the policy, we do not doubt that Carpenter could have consented

either orally or in writing, and that his consent in either mode would have bound the company.   He was the general agent of the company in the locality where he resided to make contracts of insurance in its behalf, and was vested with large discretionary powers.   The power of such an agent must, in the absence of special restrictions, be deemed to include the power to modify contracts made by him, dispense with conditions, and do such acts from time to time as are necessary to prevent a forfeiture of policies as a consequence of changes in the ownership, situation, or occupation of the insured property.

Insurance corporations organized under the laws of one State may, and often do, carry on their business in other States.   They cannot conduct their business except through agents, and it is a reasonable and just inference that agents entrusted with the power to make original contracts of insurance have also the power to modify them as occasions and circumstances require.   Nor would a restriction upon the power of an agent, not known to persons dealing with him, limiting the usual powers possessed by agents of the same character, exempt the principal from responsibility for his acts and contracts, which were within the ordinary scope of the business entrusted to him, although he acted in violation of special instructions.

The company could itself dispense with this condition by oral consent, as well as by writing (*Trustees, etc.,* v. *Brooklyn Fire Ins. Co.,* 19 N. Y., 305); and Carpenter, unless specially restricted, would have possessed, in this respect, the power of the principal.   But the policy contains the provision that no agent of the company shall be deemed to have waived any of the terms and conditions of the policy, unless such waiver is indorsed on the policy in writing.   This is a plain limitation upon the power of agents, and can mean nothing less than that agents shall not have the power to waive conditions, except in one mode, viz., by an indorsement on the policy.   The plaintiff is presumed to have known what the contract contained, and the proof tends to

·the conclusion that this provision was brought to his notice. He saw fit, however, to accept the assurance of the agent that an entry in the register was sufficient. It is difficult to see how, upon the law of contracts and agency, the plaintiff can recover. The entry in the register was not an indorsement on the policy. The oral consent was an act in excess of the known authority of the agent. The provision was designed to protect the company against collusion and fraud, and the dangers and uncertainty of oral testimony. The case seems to be a hard one for the plaintiff; but courts cannot make contracts for parties, nor can they dispense with their provisions.

The authority of an agent is not only that conferred upon him by his commission, but also as to third persons that which he is held out as possessing. The principal is often bound by the act of his agent in excess or abuse of his actual authority, but this is only true between the principal and third persons, who believing and having a right to believe that the agent was acting within and not exceeding his authority, would sustain loss if the act was not considered that of the principal. (*Clark* v. *Metropolitan Bank*, 3 Duer, 248; Story on Agency, § 127; *Howard* v. *Braithwaite*, 1 Ves. & B., 209; *Stainer* v. *Tysen*, 3 Hill, 279; *Barnard* v. *Wheeler*, 24 Me., 279.) The doctrine is established to prevent fraud, and proceeds also upon the ground that when one of two innocent persons must suffer from the act of a third person, he shall sustain the loss who has enabled the third person to do the injury. If, however, a person dealing with an agent knows that he is acting under a circumscribed and limited authority, and that his act is in excess of or an abuse of the authority actually conferred, then manifestly the principal is not bound, and it is immaterial whether the agent is a general or special one. The principal has the unqualified right, as between himself and the agent, to define and limit the agent's authority; to invest him with large or with restricted powers only. The agent, as we have seen, may sometimes bind the principal, although he transgresses his instructions, provided

his apparent authority extends to the act done, but this is a rule of protection only.

Applying to this case these familiar principles, there can be little doubt how the question presented in this case should be decided. There was a breach of condition which, by the express terms of the contract, rendered the policy void. The condition was a lawful one, and one which the company had the right to insert in the contract. The judge at the trial held the proof to be insufficient to establish a waiver of the condition, and nonsuited the plaintiff. The General Term reversed the judgment on the nonsuit, and ordered a new trial.

We think this action cannot be sustained. This conclusion does not interfere with that class of cases which have established that conditions for the prepayment of premium and the like, which enter into the validity of a contract of insurance at its inception, may be waived by agents, and are waived if so intended, although they remain in the policy when delivered, and that a contract for renewal is for this purpose to be treated as an original contract. (*Trustees, etc.* v. *Brooklyn Fire Ins. Co.,* 19 N. Y., 305 ; *Sheldon* v. *Atlantic Fire and Marine Ins. Co.,* 26 id., 460; *Boehen* v. *Williamsburgh Ins. Co.,* 35 id., 131 ; *Bodine* v. *The Exchange Ins. Co.,* 51 id., 117 ; *Bowman* v. *Agricultural Ins. Co.,* 59 id., 526 ; *Carroll* v. *Charter Oak Ins. Co.,* 1 Abb. Ct. App., Dec., 316; *Van Schoick* v. *Niagara Ins. Co.,* 68 N. Y., 434.) We think a recovery cannot be permitted in this case without changing the law of contracts.

The order granting a new trial should be reversed, and judgment entered upon the nonsuit affirmed.

ALLEN, RAPALLO and EARL JJ., concur ; CHURCH, Ch. J., FOLGER and MILLER, JJ., dissent.

Order reversed and judgment affirmed.