MARIA MARVIN, Appellant, *v.* THE UNIVERSAL LIFE INSURANCE COMPANY, Respondent.

When there is an express limitation upon the authority of a general agent and this is brought to the knowledge of one dealing with him, the principal cannot be liable for an act of the agent within the limitation.

A correct decision will not be reversed, on appeal, because founded upon a wrong reason; at least, unless where the ground of decision can be seen to have misled a party to his injury.

A policy of insurance issued by defendant contained the usual condition forfeiting it in case of ·non-payment of premiums as prescribed, also a provision to the effect that any alteration or waiver of its conditions, " unless made at the head-office, and signed by an officer of said company," shall not be considered as valid. In an action upon the policy the defense was that it was forfeited for non-payment of premium. Plaintiff proved that after a premium had become due, H., who was claimed by plaintiff to be general agent of defendant, stated to the assured that he had agreed to extend the time of payment and that it might be paid at any time before he made his report, and if the money was ready the next morning it would be time enough ; that H. called the next morning and the premium was offered to him, but he declined to receive it because the assured was then sick, but promised to receive it if he recovered. He did not recover. *Held,* that conceding H. to be general agent, and that he had authority, unless restricted, to waive conditions, as his authority was limited by the provisions in the policy and so brought to the knowledge of the assured, he had no authority to waive the condition or to agree that it should be waived.

As to whether, if the authority of H. had been unrestricted, what occurred would have amounted to a waiver, *quære.*

Defendant's counsel moved for a nonsuit, on the grounds that no waiver had been proved and that H. had no authority to waive payment. The motion was granted, " on the sole ground that there was no proof of a waiver." *Held,* that, conceding the proof was sufficient to show a waiver

if H. had authority; and so, that the trial court gave a wrong reason for its decision, yet, as the motion was properly granted because of want of authority in H., and as plaintiff was fairly and fully apprised of the objection and was not misled, there was no ground for reversal.

(Argued April 27, 1881; decided May 10, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made the first Tuesday of January, 1879, which affirmed an order of Special Term, denying a motion for a new trial. (Reported below, 16 Hun, 494.)

This action was brought upon a policy of insurance issued by defendant, January 13, 1874, upon the life of Milton B. Marvin, for the benefit of his wife, the plaintiff. By the terms of the policy, the premiums were to be paid quarterly, on the 13th of January, April, July and October. The premium which fell due April 13th was not paid. The policy contained conditions forfeiting it in case of the non-payment of any premium when due.

The further material facts appear in the opinion.

*Dan'l B. Beach* for appellant. Having received the first payment after the expiration of two months from the time the policy was executed and delivered to the assured, by its agent, it cannot be heard to insist upon the other conditions, restricting its agent's power. (*Bowman* v. *Agr. Ins. Co.*, 59 N. Y. 521–528–529; *Messereau* v. *Phœnix Ins. Co.*, 66 id. 274.) The agent had power to dispense with the condition, that no alteration or waiver of the conditions of the policy, unless made at the head office, should be valid. (*Carroll* v. *Charter Oak Ins. Co.*, 1 Abb. Ct. of App. 318; *Marcus* v. *St. Louis Mut. Co.*, 68 N. Y. 625; *Van Allen* v. *Farmers' Joint-Stock Co.*, 10 Hun, 399; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 207–208.) The question as to whether there was a waiver by the agent of the strict performance on the part of the assured, of actual payment of premium due on the 13th of April, was one of fact. (*Bowman* v. *Agr. Ins. Co.*, 59 N..Y. 521.) A new consideration was not necessary to give validity to the agree-

ment to extend the time.    The waiver was enough for that purpose.    (*Homer* v. *Guardian M. Ins. Co.*, 67 N. Y. 483.)    It was entirely immaterial whether this agreement to extend the time of payment was made before or after forfeiture.    (*Titus* v. *Glens Falls Ins. Co.*, 8 Abb. N. C. 328 ; *Prentice* v. *Knickerbocker L. Ins. Co.*, 77 N. Y. 484 ; *Delliber* v. *Knickerbocker L. Ins. Co.*, 76 id. 567 ; *Knickerbocker L. Ins. Co.* v. *Norton*, 96 U. S. 234 ; 1 Parsons on Contracts [5th ed.], 451, 506, 507 ; May on Insurance, § 143 ; *Clark* v. *Jones*, 1 Denio, 506 ; *Underwood* v. *Ins. Co.*, 57 N. Y. 500 ; *Smith* v. *Saratoga Ins. Co.*, 3 Hill, 508 ; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136.)    The agreement of April 27, to continue and keep alive, was as effectual as if a new policy had been given. (*Homer* v. *Guardian Mut. Ins. Co.*, 67 N. Y. 483 ; *Knickerbocker L. Ins. Co.* v. *Norton*, 96 U. S. 234.)    The tender, pursuant to agreement to receive, is as binding as if the money had been actually received.    (*Homer* v. *Guardian Mut. Ins. Co.*, 67 N. Y. 482.)    The proof showed a valid and timely agreement to extend the time of payment till the agent's time to report to the company should arrive, and the burden of proof to show such time had passed was on defendant.    (*Dean* v. *Ætna Ins. Co.*, 64 N. Y. 643.)    The refusal by the company to be bound by its policy intermediate the tender, and the time the next premium became due on the 13th of July, relieved the assured from tendering performance on the last-mentioned day.    (*Shaw* v. *Republic L. Ins. Co.*, 69 N. Y. 286 ; *Crist* v. *Armour*, 34 Barb. 378.)

*Geo. A. Strong* for respondent.    Payment of the premium on the policy was a condition precedent to recovery, non-performance of which renders the policy void.    (*Howell* v. *Knickerbocker L. Ins. Co.*, 44 N. Y. 276 ; *Ruse* v. *Mut. Ben. Ins. Co.*, 23 id. 516 ; *Savage* v. *Howard Ins. Co.*, 52 id. 502.) There was no waiver of forfeiture.    (*Smith* v. *Saratoga Ins. Co.*, 3 Hill, 508, 512 ; *Ripley* v. *Ætna Ins. Co.*, 30 N. Y. 136 ; *Underwood* v. *Farmers' Joint-S. Ins. Co.*, 57 id. 506 ; *Beatty* v. *Lycoming Ins. Co.*, 66 Penn. St. 90 ; *Ins. Co.* v. *Wolf*,

95 U. S. 326.)   Even if Henkle had been established to be de-
fendant's agent, the declarations relied on by the plaintiff are
not binding on defendant.   (*Lesley* v. *Hudson R. R. R. Co.*,
17 N. Y. 131, 133 ; *White* v. *Miller*, 71 id. 118, 135 ; *Ander-
son* v. *Rome, etc. R. R. Co.*, 54 id. 334, 341 ; *Trustees, etc.*, v.
*Brooklyn Ins. Co.*, 28 id. 153, 159 ; *People* v. *Davis*, 56 id.
95, 102.)   The declarations of Henkle were not properly ad-
missible, and even though actually admitted in evidence, were
not binding on defendant, and the trial judge rightfully disre-
garded them.   (*Platner* v. *Platner*, 78 N. Y. 90, 101 ; *Peck*
v. *Von Keller*, 76 id. 604, 605, 606.)

FINCH, J.   The policy of life insurance upon which this ac-
tion is founded lapsed by the non-payment of a matured pre-
mium.   A right to recover upon it is nevertheless asserted
upon facts claimed to establish a waiver of the forfeiture,
through an extension of the time of payment, and a consequent
tender of the premium.   One Henkle, it is said, was the gen-
eral agent of the insurance company, through whom the policy
was originally obtained, and by whom the payment of the first
premium was extended, and who indorsed upon the policy in
the hands of the insured a receipt for such first premium, sign-
ing his name as general agent.   It is further proved, that after
the second premium had matured and while it remained un-
paid, Henkle declared in the presence of the assured and the
wife of the latter, that he had agreed to extend the time of
payment, and that the premium might be paid at any time be-
fore he, the agent, made his report to the company ; and that
if the money was ready by nine o'clock of the next morning
it would be time enough.

It was further shown that Henkle came the next morning;
that the amount of the premium, less eighty-eight cents,
which he had promised to supply, was offered to him ; that he
declined to receive it because the assured was then sick and
confined to his bed, but promised, in substance, that if the
assured recovered, he, the agent, would receive it and keep
the policy alive; that the money was then handed by the

assured to his wife, who put it in her bureau drawer. Relying upon this state of facts, and claiming that they proved a waiver of the forfeiture, the plaintiff rested her case. The defendant thereupon moved for a nonsuit. The grounds of the motion were distinctly and fairly stated, and fully apprised both the court and the plaintiff of the objections intended to be urged. These were, that the premium had not been paid, as provided for in the policy, and no waiver had been proved ; and that Henkle had no authority to waive payment. The motion was granted, the court putting the decision " on the sole ground that there was no proof of a waiver of the payment due in April, except on condition that the assured should recover his health, and there was no proof that the condition ever happened."

It is very doubtful whether, as against the company, it was proved that Henkle was their general agent. The fact that he so declared by signing the receipt in that capacity, in the absence of any evidence showing knowledge on the part of the company of his assumption of such title and authority, is certainly insufficient. The only other fact relied on is an allegation in the complaint, admitted in the answer, that the original policy was " by its proper officers and general agent duly authorized thereto, made and delivered." But it is not said who the general agent referred to was, and the policy produced was executed only by the president and secretary. The inference that Henkle was in fact the general agent of the company rests, therefore, upon a very slender foundation.

But a decisive difficulty remains. The policy contained an express provision that any alteration or waiver of its conditions, " unless made at the head office, and signed by an officer of said company, shall not be considered as valid." Granting, therefore, that Henkle was shown to be a general agent of this company ; granting also what was not proved, but perhaps may be inferred from the character of his office (*Carroll* v. *Charter Oak Ins. Co.*, 1 Abb. Ct. App. 318 ; *Sheldon* v. *The Atlantic Fire and Marine Ins. Co.*, 26 N. Y. 465), that he had authority, unless restricted, to waive conditions; the difficulty remains that he

was in that respect restricted, and his authority limited and cur-
tailed, by an express provision in the policy itself, thus brought
to the knowledge of the assured, and, therefore, had no power,
in and of himself, to waive the condition of payment, or agree
that it should be waived.    The cases cited by the learned coun-
sel of the appellant put a broad construction upon the powers of
a general agent.    (*Van Allen* v. *Farmers' Joint-Stock Ins. Co.*,
10 Hun, 399; *Pechner* v. *Phœnix Ins. Co.*, 65 N. Y. 207;
*Marcus* v. *St. Louis Mut. L. Ins. Co.*, 68 id. 625.)    In the lat-
ter case it was decided that a clause in the policy that agents
were not authorized to make, alter, or discharge contracts did
not apply to general agents who, nevertheless, had power to
extend the time for payments, " in the absence of any restric-
tion on their authority."    The true rule, and its utmost ex-
tent was well stated in *Ins. Co.* v. *Wilkinson* (13 Wall. 222),
cited with approval in *Pechner* v. *Phœnix Ins. Co.* (*supra*).    It
was there said, in a discussion of the powers of a general agent,
that they " are *prima facie* co-extensive with the business in-
trusted to his care, and will not be narrowed by limitations *not
communicated to the person with whom he deals.*"    The rule
could not go further than this without violating all reason and
justice.    To carry it further would compel us in the end to say
that insurance companies are wholly at the mercy of their gen-
eral agents, and no restraint is possible.    Here the policy in
plain terms denied to any agent, local or general, the power to
waive conditions; reserved that authority solely to the " head
office," and some officer of the company there, and gave no-
tice to the assured upon the face of his policy of the existence
of this restriction.    Henkle, therefore, had no power to waive
payment.    (*Walsh* v. *Hartford Fire Ins. Co.*, 73 N. Y. 5.)
The assured perfectly well knew the fact.    It was his own
folly to rely, if he did so, upon the act of the unauthorized
agent.    This ground of the nonsuit was, therefore, well taken.
By the motion plaintiff was apprised fairly and fully of the
objection relied on.    We do not see how it could have been
obviated, but if that was possible, full opportunity to obviate
it was given by the objection distinctly stated.

But it is said this ground of nonsuit was unavailable because the court gave a different reason for its action, and the nonsuit must stand or fall upon that reason. We do not so understand the rule. We ought not, upon principle, to reverse a correct decision because founded upon a wrong reason, unless possibly in a case where the ground of decision stated could be seen to have misled a party to his injury. The rule has been so declared. (*Deland* v. *Richardson*, 4 Den. 95; *Scott* v. *Pilkington*, 15 Abb. Pr. 280; *Gillespie* v. *Torrance*, 4 Bosw. 36.) This last case was affirmed in this court. (25 N. Y. 306.) While no notice was taken of the question here discussed, the affirmance was put upon a ground entirely different from that held by the referee. We think, therefore, the nonsuit was properly granted.

It must not be inferred that we deem the ground of the decision below incorrect. The learned judge undoubtedly reasoned that a bare promise to waive was not of itself a waiver, and that the promise in this case being purely voluntary and without consideration could be properly left unfulfilled, or burdened with a condition, under the changed circumstances of the illness of the assured. It is quite possible that the reasoning was correct, but it is not necessary to express an opinion upon it here.

The judgment should be affirmed, with costs.

All concur, except DANFORTH, J., taking no part; FOLGER, Ch. J., concurs in result.

Judgment affirmed.