\* CHRISTIAN T. CHRISTENSEN, APPELLANT, v. GARDNER
R. COLBY, EXECUTOR, ETC., OF GARDNER COLBY, DECEASED,
RESPONDENT, IMPLEADED, ETC.

*Action by a judgment creditor to enforce the liability of a stockholder — the latter may
set off claims held by him against the corporation — a judgment will be affirmed, if
correct, although a wrong reason has been given by the court below.*

The plaintiff having recovered a judgment against a foreign corporation, and
issued an execution thereon, which was returned unsatisfied, brought this
action to charge the estate of the defendant's testator, who was a stockholder
in such corporation, with the amount unpaid upon certain stocks of the cor-
poration, and also with the amount of certain bonds which had been received by
the testator. The court below dismissed the complaint upon the ground that
the action was barred by the statute of limitations, and also found, as was alleged
in the answer, that the estate of the testator was the equitable owner of five-
sevenths of certain judgments recovered against the corporation which, in
amount, were more than would be sufficient to pay the plaintiff's claim.

*Held,* that although the court erred in holding that the action was barred by the
statute of limitations, as was decided in *Christensen* v. *Quintard* (36 Hun, 334),
yet, as the interest in the judgments owned by the estate furnished a good set-
off as against the plaintiff's claim, the judgment of dismissal should be affirmed.

APPEAL from a judgment dismissing the complaint, entered at
Special Term. The complaint in this action demanded judgment
against the defendant on the ground that his testator Gardner Colby
was a stockholder of the Illinois and St. Louis Bridge Company, for
a certain sum alleged to remain unpaid upon stock issued to said
testator, and also for the value of certain bonds alleged to have been
issued to the testator without value.

*C. E. Tracy*, for the appellant.

*W. B. Hornblower*, for the respondent.

BRADY, J.:

The plaintiff was a judgment-creditor of the Illinois and St. Louis
Bridge Company, a corporation chartered in Illinois and Missouri,
and Gardner Colby, the defendant's testator, was a stockholder.
The plaintiff obtained a judgment against the company in July,

---

\* Decided January 8, 1886.

1882, and an execution having been returned unsatisfied, this action was brought to charge the testator's estate for stocks and bonds of the company, received by him under circumstances by which he incurred a liability.

The facts alleged and proved on behalf of the plaintiff were similar to those which were established in the case of *Christensen* v. *Quintard* (36 Hun, 334), decided in this department in May, 1885. The defendant, however, interposed a defense by way of set-off, alleging that the estate of Gardner Colby was the equitable owner of five-sevenths of certain judgments against the company, and which, in amount, were more than sufficient to pay the plaintiff's claim.

Many requests to find were submitted on the part of the plaintiff, which were rejected for the reason that the material facts and conclusions contained in them were covered by the findings of the defendant as settled. The complaint was dismissed, however, on the ground that the statute of limitations had applied and barred the plaintiff's right to recover. The complaint was dismissed, therefore, notwithstanding the findings of fact upon the conclusion of law just stated, namely, that the action was barred by the statute of limitations.

In the case of *Christensen* v. *Quintard* (*supra*), this court on appeal declared that the statute of limitations did not apply to facts similar to those proved in this action. And if there was no other and controlling element in the case sustaining the conclusion at which the learned justice in the court below arrived, it would be necessary for us to reverse the judgment. But it conclusively appears that the set-off, which was set up on behalf of the estate of Gardner Colby, was more than sufficient in amount to pay the liability urged in this action against that estate. And this being an action against a single stockholder, or his representative, the off-set is one the validity of which, as equitable in its character, is recognized in a series of cases. (*Briggs* v. *Penniman*, 8 Cow., 387; *Garrison* v. *Howe*, 17 N. Y., 458; *In re Empire City Bank*, 18 id., 199, 227; *Mathez* v. *Neidig*, 72 id., 100; *Agate* v. *Sands*, 73 id., 620.) The reasoning in these cases seems to apply not only to the liability imposed upon stockholders by the statute, but to equitable liabilities which may be invoked in behalf of a creditor.

In *Garrison* v. *Howe* (*supra*), Denio, J., said : " Suppose a stockholder to be a creditor to just the amount of his stock, he ought not to be required to pay anything, unless the sum of the corporate debts is larger than the aggregate of all the liabilities of the stockholders. But he cannot, in this class of actions, have an account, because the proper parties are not before the court. He must, therefore, upon the doctrine of the plaintiff in this suit, pay the debt sued for, though, in equity, he is not liable for anything." " If the creditor cannot find a responsible stockholder, who is not at the same time a creditor to the amount of his stock, he must proceed for an account if he ascertains that such a proceeding will result in recovering his debt."

And in *Mathez* v. *Neidig* (*supra*), Chief Judge Church said : "I agree with the counsel for the appellant that the statute liability constitutes a fund which belongs to the creditors to secure the payment of their debts, but it belongs to all the creditors, as well those who are stockholders as those who are not."

Assuming the set-off, therefore, to be a proper response to the action, the judgment of dismissal can be maintained, notwithstanding it was pronounced upon an erroneous legal conclusion. For it seems to be well established that a judgment which is proper upon the facts found will not be reversed for the reason that the conclusion of law of which the judgment is predicate was incorrect. (*Scott* v. *Pilkington*, 15 Abb. Pr. [Sup. Ct., Gen. Term, First Dept.], 280 ; *Marvin* v. *Universal Life Ins. Co.*, 85 N. Y., 278 ; *Arnot* v. *Erie Railway*, 67 id., 315.)

It is not deemed necessary, having arrived at the conclusion stated, to examine the other reasons assigned by the respondent's counsel for the maintenance of the judgment.

The judgment must, therefore, be affirmed, with costs.

Davis, P. J., and Daniels, J., concurred.