### HESS *et al. v.* WASHINGTON FIRE & MARINE INS. Co.

(*Supreme Court, General Term, Fifth Department.* October 23, 1890.)

INSURANCE—CONDITIONS OF POLICY—WAIVER.

A policy of fire insurance provided that, unless specifically agreed to in writing in or upon the policy, the existence or procurement of other insurance on the property should avoid the contract, and that "no agent has power to waive any condition of this contract." The agent who secured the insurance subsequently issued to the assured a policy in another company, but made no indorsement on the first policy consenting to such additional insurance. *Held,* that there was not a valid waiver of the condition in the first policy against additional insurance, even though the agent had apparent authority to consent to such waiver.

Appeal from judgment on report of referee.

Action by Francis A. Hess and another against the Washington Fire & Marine Insurance Company. From a judgment dismissing their complaint the plaintiffs appeal.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*George F. Yeoman,* for appellants. *W. N. Cogswell,* for respondent.

MACOMBER, J.    This action was brought to recover upon a fire insurance policy of $2,000, issued by the defendant, May 15, 1886, insuring property then owned by Marvin S. Hess, situate in Niagara county, subsequently transferred by him to the plaintiff Francis A. Hess.    The other plaintiff is a mortgagee of the house and premises.    Sundry defenses were interposed to the plaintiff's right of recovery; but the one which prevailed at the trial before the referee was that the policy of insurance had become void, by reason of the procurement by the owner of the property of other insurance on the buildings without the written consent of the defendant indorsed on the policy.    By the terms of this policy, it was provided and agreed that, unless specifically agreed to in writing in or upon the policy, the existence or subsequent procurement of other insurance upon the property so insured should avoid the contract.    It was further agreed therein that "no agent has power to waive any condition of this contract."    This contract of insurance was secured through the agency of one Herve Sanford, who had been appointed the defendant's agent for the purpose of receiving proposals and making insurance in its behalf in the town of Wilson and vicinity, in the county of Niagara; and he was authorized to fix the rates of premiums upon such insurance, to receive moneys, and to countersign and issue, renew and consent to the transfer of, policies of insurance signed by the president, and attested by the secretary of the company, subject to its rules and regulations, and to such instructions as might, from time to time, be given him by the officers of the defendant.    At the time of issuing the policy in question, Sanford, as the agent of the Ætna Fire Insurance Company, issued to Marvin S. Hess a policy in the last-named company in the sum of $1,600 upon the same property, making a total insurance thereon of $3,600.    Prior to this time, the property had been insured by Hess in the sum of $4,000, but at the time mentioned, Mr. Hess, though importuned by the agent of these companies to continue that amount of insurance, declined to do so.    On the 20th of February, 1888, the plaintiff Hess, who had become the owner of the premises, procured other insurance through the same agent in the sum of $400, from the Continental Insurance Company, the amount of which, after the loss by fire, was paid to her.    The allowance of such subsequent and additional policy was not indorsed or agreed to in writing in or upon the policy issued by this defendant.    The loss by fire, which occurred March 21, 1888, was greater in amount than $4,000.    Prior to this time and on the 3d day of January, 1888, this defendant, having reinsured its risks in the state of New York, with the Niagara Insurance Company, notified Sanford of that fact, and instructed him to do nothing further until hearing from the manager of the company.    From that time Sanford ceased to issue policies for the defendant, and did no business for it afterwards unless, perhaps, by special direction, he settled a small loss for it, and, also, by a permission from the defendant given in particular cases, he canceled policies; but he ceased to do business for the defendant except under special direction or permission.

At the time that Sanford, in behalf of the Continental Insurance Company, issued the $400 policy to the owner of the premises, his attention was not called to the policy issued by this defendant, and he made no indorsement upon the policy, consenting to such additional insurance.    No notice of such additional insurance was given to the company.    The claim is now put forth that Sanford had the power to and did actually, though not otherwise than as above stated, waive the provisions of the policy against additional insurance, and that, consequently, the defendant is obligated to pay the amount thereof. It seems to us, however, as it did to the learned referee, that the provision in the policy touching further insurance and the power of Sanford, as the agent of the defendant, to waive such provision, is governed by the case of *Walsh* v. *Insurance Co.*, 73 N. Y. 5.    In that case the policy of insurance contained a condition declaring it void in case the premises insured should become vacant

for more than 15 days without notice to the company, and consent indorsed on the policy; and also a provision that no officer, agent, or representative of the company should be held to have waived any of its conditions unless such waiver was indorsed thereon in writing. The house remained vacant for more than 15 days; but, on the day it was vacated, the general agent of the defendant was notified, and was asked to consent thereto, which he did, and, upon being asked if it was necessary to have the consent indorsed upon the policy, replied that it was not, that it was indorsed upon his book, and was all right. The agent did, in fact, make a memorandum of consent in his register, but no indorsement was made upon the policy, and no report was made to the company of the application or the giving of such consent for such additional insurance. It was held that the evidence failed to show a valid consent or waiver of the condition, and that, consequently, the plaintiff was properly nonsuited; and, further, that although the agent had apparent authority to consent, and, in the absence of a special restriction, to waive the condition in the policy, yet, as the mode of giving consent was specified, and the power of the agent to waive such condition was limited to an indorsement by him on the policy, which limitation the plaintiff was presumed to have known, his oral consent or waiver was inoperative, and did not bind the defendant. The force of this decision has not been lessened, nor its application restricted, by any subsequent case, so far as we know, but, on the contrary, as an authority it has been cited with approval and followed in a variety of succeeding cases, among which are *Steen* v. *Insurance Co.*, 89 N. Y. 326, 327; *Marvin* v. *Insurance Co.*, 85 N. Y. 278. In the case of *Goldwater* v. *Insurance Co.*, 39 Hun, 176, there was not a limitation upon the powers of the agent respecting his ability to waive any condition of the contract, and hence that decision is in no respect opposed to our present conclusion. The judgment appealed from should be affirmed. All concur.