Action by the village of New Rochelle against Henry S. Clark. From an order of the county judge reversing a judgment of the police justice's court of the village of New Rochelle against defendant for violating a village ordinance, plaintiff appeals. Reversed.

Argued before BARNARD, P. J., and DYKMAN and CULLEN, JJ.

*Charles H. Noxon,* for appellant. *C. H. & J. H. Young,* for respondent.

BARNARD, P. J. The question presented involves only a construction of an ordinance of the plaintiff, which is in these words: "Sec. 2. No hay, straw, chips, shavings, or other combustible substance shall be set on fire or burned in any street at any time, or in any lot of the village except between the rising and setting of the sun, under the penalty of ten dollars, by any person directing or causing the same to be done." The defendant directed a fire to be made in a street of the village. The case does not show whether the fire was made between sunrise and sunset or not. If a fire could be kindled in the street at any time, the judgment was wrong, and was properly reversed. The ordinance forbids fires in the street "at any time," but permits a fire in any lot of the village between sunrise and sunset. To make the exceptions cover streets and lots, violation would be done to the section by striking out the words, as to the streets, which forbid fires at any time. If the section be read so as to except fires in lots in the daytime, all the words will have a place and meaning. Statutes are to be construed so as to give effect to all the language employed. *In re New York & B. Bridge,* 72 N. Y. 527. I think the true meaning of the law is that fires are out of place in the streets of a village at all times, and fires in lots at night are terrifying and dangerous when the people are not awake to meet the danger. The judgment of the county court should be reversed, and that of the justice affirmed, with costs. All concur.

---

WARREN *v.* PHŒNIX INS. CO.

*(Supreme Court, General Term, Second Department. July 22, 1892.)*

1. FIRE INSURANCE—REMOVAL OF INSURED PROPERTY—NOTICE.

An insurance policy contained a clause covering household goods while in a certain house in M. Thereafter the goods were taken to D., and the insured wrote the company's agent that she and her family had moved to D. without paying the premiums, and that if the agent would sent a statement of the amount due on the policy she would remit. On receipt of the statement, the amount was paid. *Held,* that there was not sufficient notice to put the fact of removal of the goods before the agent, and the company was not liable.

2. SAME—CONTRACT OF INSURANCE—EVIDENCE OF WAIVER.

Where an insurance policy provides that all waivers shall be indorsed thereon by agents, and that no agent shall be deemed to have power to waive a condition unless indorsed on the policy, in a suit on such policy evidence of an agent's conversation, waiving a provision thereof, is inadmissible, in the absence of an indorsement thereon of the waiver.

Exceptions from circuit court, Orange county.

Action by Mary E. Warren against the Phœnix Insurance Company. From an order and judgment dismissing the complaint, the court directing the exceptions to be heard in the first instance at general term, plaintiff appeals. Affirmed.

Argued before BARNARD, P. J., and DYKMAN, J.

*W. F. O'Neill,* for appellant. *William Vanamee,* for defendant.

BARNARD, P. J. The defendant issued a fire policy of insurance to the plaintiff in 1889 upon his household effects. At the time of the issuing of the policy these insured goods were in a house occupied by plaintiff in Middletown, Orange county, N. Y. The policy contained a clause that the insurance should continue while located as described in the policy, and while contained in the frame dwelling No. 21 West street, Middletown. In Au-

gust following, the plaintiff moved to Deckertown, N. J., and on the 2d of September, 1890, the insured property was destroyed there by fire. The policy did not cover the loss by its terms. To show an alteration in the contract, the plaintiff proved a letter from herself to defendant's agents dated August 20, 1890, stating that she and her family had moved to Deckertown without paying the premiums, and that if the agents would send the amount due on the policy she would send it. This was done on August 20, 1890, and was paid by plaintiff a few days thereafter, amounting to $2.10. The notice was insufficient to put the fact before the agents that the insured property had been removed from the building in which it had been insured. It was nothing more than a request for the unpaid premiums. The evidence of the conversation with the agent Taylor was improperly received, without proof of an agency which would authorize the agent to waive the contract as made by the policy. No such proof was given. The policy required all waivers to be indorsed in writing by agents, and that no agent should be deemed to have power or to have waived a condition unless indorsed on the policy. No waiver was indorsed in writing, and none exists, according to the contract. *Walsh* v. *Insurance Co.*, 73 N. Y. 5; *Marvin* v. *Insurance Co.*, 85 N. Y. 278. The judgment should therefore be affirmed, with costs.