ALVAH W. BURLINGAME, Appellant, *v.* THE ÆTNA INSURANCE COMPANY of Hartford, Respondent.

*Principal and agent — promissory note issued in the name of an insurance company by an agent, to raise money owing by him — the company is not liable to the payee.*

An insurance agent, authorized to solicit risks and write policies, has no implied authority to borrow money upon a promissory note executed by him in the name of the company as its agent; and where such a note, to the knowledge of the payee, is given to raise money owing by the agent to the company, the payee is not in a position to claim that he believed that the agent was authorized to use the credit of the company to make good his own shortage, and the fact that the money was deposited in an account which was subject to check only by the company, does not make the company liable to the lender thereof.

APPEAL by the plaintiff, Alvah W. Burlingame, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of Kings on the 19th day of February, 1898, upon the dismissal of his complaint at the close of the plaintiff's evidence, by direction of the court, after a trial before the court and a jury at the Kings County Trial Term.

*John A. Straley*, for the appellant.

*John S. Griffith*, for the respondent.

WOODWARD, J.:

This action was brought to recover a sum of money alleged to have been loaned to the defendant through its agent, A. B. Thorn. It appears from the evidence that A. B. Thorn was the agent of the defendant in the city of Brooklyn for the transaction of the business

for which the defendant company was organized. The pleadings and evidence show that Thorn had, during a series of years, been in the habit of borrowing money of the plaintiff to meet the demands of the defendant company for premiums due on policies which he had written and for which, for some reason, he had not accounted. In January, 1891, Thorn went to the residence of the plaintiff and stated that he wanted some money. "He said," says the plaintiff, "the Ætna Insurance Company had to be paid some money. I said, 'I have advanced to the Ætna Insurance Company as much money as I intend to; besides I have no money; I cannot advance any money if I wanted to,' or something like that. He said, 'I must pay the Ætna Insurance Company, and it requires $1,800 at least.' He also said that he should lose his agency if he did not get it." After this conversation the plaintiff suggested to Thorn that he would advance the money upon a note signed by the Ætna Insurance Company and indorsed by Thorn's wife, and upon Thorn agreeing to produce such a note the plaintiff advanced $150 on the day of the conversation. Subsequently Thorn appeared with a note, indorsed by his wife, when the remainder of the $1,800 was given to Thorn. This note reads as follows:

"$1,800.00.     BROOKLYN, N. Y. *January 7th*, 1891.

"On demand, after date, I promise to pay to the order of Alfred W. Burlingame, Eighteen hundred dollars, at the Nassau National Bank of Brooklyn, value received, with interest.

"ÆTNA INSURANCE CO., HARTFORD.

"A. B. THORN,

"*Agent.*"

The plaintiff gave his check, payable to the order of the Ætna Insurance Company, and it was indorsed by Thorn in the name of the company, and deposited to the credit of the Ætna Insurance Company, which had previously opened an account with the Nassau National Bank, and against which account only the company was permitted to draw. At the close of plaintiff's testimony the court, on motion, dismissed the complaint on the grounds that the plaintiff had failed to show authority in the agent Thorn to bind the defendant company, and that the plaintiff had failed to make out a cause of action against the defendant company. In this we are of

opinion that the court has committed no error, as it is difficult to see on what ground the defendant could be liable to this plaintiff under the circumstances presented. There is no reasonable doubt that Thorn was the agent of the defendant for any purpose within the legitimate scope of the duties of a local representative of an insurance company; but it would be a great stretch of the law to hold that an agent of a great insurance company, appointed for the purpose of soliciting risks and writing policies, would have the authority to borrow small sums of money upon the promissory notes of the corporation. The insurance company, we may fairly assume, did not need to borrow $1,800. Indeed, it is in evidence that Thorn stated to the plaintiff that he needed the money to pay the insurance company moneys that he owed to it. The mere fact that the plaintiff was given a note, purporting to be signed by the defendant company, under the circumstances, did not give the plaintiff any equitable claims against the defendant. The note reads "I promise to pay," and it is signed, not by the company, but by "A. B. Thorn, Agent." It is true, of course, that the name of the company is signed, but it cannot be said that the plaintiff, knowing the object for which the money was desired, had any right to believe that he was contributing money to the defendant company, or that its agent had any right to obligate the company for the payment of the agent's debts. The rule is well stated in the case of *Walsh* v. *Hartford Fire Ins. Co.* (73 N. Y. 5, 10) and quoted with approval in the later case of *Bickford* v. *Menier* (107 N. Y. 490) that: "The principal is often bound by the act of his agent in excess or abuse of his actual authority, but this is only true between the principal and third persons, who believing, and *having a right to believe*, that the agent was acting within and not exceeding his authority, would sustain loss if the act was not considered that of the principal. * * * If, however, a person dealing with an agent knows that he is acting under a circumscribed and limited authority, and that his act is in excess of or an abuse of the authority actually conferred, then manifestly the principal is not bound, and it is immaterial whether the agent is a general or special one."

Clearly the plaintiff in this action, knowing that Thorn was short in his account, knowing that he was obliged to get the money in order to hold his position, cannot come into court and claim that he

had a right to believe that Thorn was authorized to use the credit of the company to make good his own shortage. As was said in the case of *Stainer* v. *Tysen* (3 Hill, 279): "It cannot be pretended that, where the person who takes the note is aware of the attorney acting fraudulently towards his principal, there is any color for insisting on the ground of estoppel. There is no doubt that a power drawn up nakedly to do acts for and in the name of the principal negatives all idea of interest in the agent or authority to act for the benefit of any one beside the principal. This limitation, therefore, the plaintiff was bound to notice. It is an intrinsic fact, and when he is moreover told that the attorney, as between himself and principal, is abusing his trust, the reason for making the act conclusive entirely ceases. The plaintiff himself then becomes a party to the fraud."

The defendant company, according to the evidence, received only what was due it for premiums on insurance written by Thorn. It has not, therefore, received to its use money to which it is not in equity and good conscience entitled; and the plaintiff having advanced money to meet the obligations of Thorn, the mere fact that the transaction was made in the name of the defendant company can give the plaintiff no right to recover. He advanced the money knowing that Thorn was abusing his trust, even had he been given the authority to make the transaction when acting in good faith; and the trial court properly discharged its duty in dismissing the complaint.

The judgment appealed from should be affirmed, with costs.

All concurred.

Judgment affirmed, with costs.