### FRITZ et al. v. CITY TRUST CO. OF NEW YORK.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. SALE BY TRUSTEES—NONCONCURRENCE OF ONE—EFFECT.
   When three trustees own a bond and mortgage executed to them as such, two of them cannot sell and assign the same without the consent or concurrence of the third.

2. SAME—FUNDS UNACCOUNTED FOR—RIGHTS OF PURCHASER.
   A bond and mortgage executed to three trustees as such were assigned for value by two of them. The agent of the assignees at the time of the transaction asked why the third trustee did not join in the assignment, and was told that he was under an injunction and in Europe. A part of the proceeds of this sale was not accounted for to the estate. Held that, upon the payment of the mortgage, the assignees were only entitled to the amount which had been accounted for by the trustees, as, having purchased trust property under such circumstance, they must be deemed to have assumed the responsibility as to the disposition of the funds.

3. SAME—ENJOINED TRUSTEE—EFFECT.
   The fact that one of three trustees was under a temporary injunction, procured by one of the others, restraining him from taking any part in the management of the trust estate, would not invest his cotrustees with power to sell property belonging to the estate without his consent.

**4. SAME—RATIFICATION.**

Where trust property was sold by two of three trustees without the concurrence of the other, the third trustee did not ratify such sale by failing to take action after an injunction, procured by one of the others, restraining him from taking any part in the management of the trust estate, had been dissolved.

**5. SAME.**

A sale of trust property by two of three trustees, whereby the estate had been deprived of a considerable sum of money, could not afterward be ratified by the third trustee; the wrong having been consummated, and the rights of all the parties having become fixed.

**6. SAME—NEGLIGENCE OF TRUSTEE.**

The fact that a trustee had been negligent in not seeking to restore trust property which his cotrustees, without his concurrence, had sold and not accounted for in full to the estate, would not deprive the estate of its right to receive the full proceeds of such sale.

Hirschberg, J., dissenting.

Appeal from special term, New York county.

Action by Jacob Fritz and another against the City Trust Company of New York, trustee under a decree of the court ordering them to interplead as to their claims to trust funds. From a judgment for defendant, plaintiffs appeal. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, and HIRSCHBERG, JJ.

Nathan Ottinger (Ferdinand Kurzman. on the brief), for appellants.
Jerome Eisner, for respondent.

WOODWARD, J. This does not appear to be a case in which there should be any relaxation of the rule that trustees, however numerous, constitute, in law, but a single person, the concurrence of all of whom is necessary to the validity of any transaction involving the exercise of discretion. · Cooper v. Railroad Co., 38 App. Div. 22, 26, 57 N. Y. Supp. 925, and authorities there cited. Some time prior to the commencement of this action Harris Cohen and Abraham Cohen, the owners of the property No. 10 Baxter street, New York City, being desirous of paying a certain mortgage upon such property, and being uncertain whether the payment should be made to the plaintiffs in the present action, or to the defendant as substituted trustee under the last will and testament of Eliza Eisner, deceased, brought an action on January 3, 1901, in which all of the parties to the present action were defendants, praying for leave to deposit the principal and interest due upon said mortgage with the court, and praying that the parties to this action might be made to interplead concerning such fund. Such proceedings were had in said action that on February 13, 1901, a final judgment and decree were made directing the deposit of $8,511.79 with the City Trust Company to the credit of this action, discharging the lien of the mortgage upon such premises upon such payment, and directing "the defendants, Jacob Fritz and Mary Fritz, as plaintiffs, and the City Trust Company of New York, as substituted trustee of and under the last will and testament of Eliza Eisner, deceased, as defendant," to interplead concerning their respective claims to the fund in dispute. Pursuant to this decree the present action was commenced, and, being brought on for trial, has resulted

in a judgment awarding to the defendant, out of the fund of $8,511.79, the sum of $2,442.74, together with interest on said last-named sum for six years at five per cent.  From the judgment entered, plaintiffs appeal to this court.

There is practically no dispute as to the facts in the case, and the question presented for determination is whether, if three trustees own a bond and mortgage executed to them as such, can two of them sell and assign such bond and mortgage without the consent or concurrence of the third trustee?  The court at special term has decided that they cannot, and we find no reason to differ in our conclusion from the decision of the special term.  Joseph Stern, Julius H. Eisner, and Mark H. Eisner were trustees under the last will and testament of Eliza Eisner, deceased.  As such trustees, on May 18, 1892, they took a bond and mortgage upon No. 10 Baxter street, New York City, from the then owners of the property, Isidore and Rebecca Abrahams; the bond and mortgage being taken in the names of the three trustees as such.  On June 20, 1895, on the petition of Julius H. Eisner, one of the trustees, an order was made by the surrogate of New York county enjoining Mark H. Eisner, the third trustee of and under the last will and testament of Eliza Eisner, deceased, from "acting in the premises in any wise until the matter in controversy shall be disposed of, and until the further order of the court." This injunction was made in connection with an order to show cause why a permanent injunction should not issue, and was subsequently vacated.  On July 27, 1895, while this injunction was in full force, the plaintiffs, through one Hugo Cohen, as their attorney in fact, sought to purchase the above-mentioned bond and mortgage from the estate.  Mr. Cohen called on Julius H. Eisner, at whose instance the order of injunction had issued, for the purpose of purchasing the same; and it is conceded that Mr. Cohen paid to the said Julius H. Eisner, as one of the trustees, the full amount of the mortgage, together with the interest which had accrued up to the day of the purchase, receiving the bond and mortgage, as well as an assignment in writing executed by Joseph Stern and Julius H. Eisner, two of the three trustees under the last will and testament of Eliza Eisner, deceased.  It is conceded that, of the $8,322.86 paid by Mr. Cohen to Julius H. Eisner, $5,880.64 was actually paid to and received by the estate of Eliza Eisner, but the balance of $2,442.74 remains unaccounted for; and this sum is found to be due to the defendants as substituted trustees under the will of Eliza Eisner, deceased, together with interest from the date of the alleged transfer.

The plaintiffs had notice of the fact that they were dealing with trustees, for the bond and mortgage were made to Joseph Stern, Julius Eisner, and Mark H. Eisner in their representative capacity. Mr. Cohen inquired at the time of the transfer why Mark Eisner did not join in the assignment, and was told that Mark was under an injunction, and that he was then in Europe.  This, we think, was sufficient to put them upon inquiry; and, if they chose to purchase trust property under the circumstances, they must be deemed to have assumed the responsibility of the disposition of the funds.  They come fairly within the rule that, where one of two innocent persons must

suffer from the acts of a third person, he shall sustain the loss who has enabled the third person to do the injury. Walsh v. Insurance Co., 73 N. Y. 5, 10; Timpson v. Allen, 149 N. Y. 513, 520, 44 N. E. 171. It is not disputed that the trust estate has been depleted by the amount found due to the defendants, with the interest from the time of the transfer; and as the plaintiffs took the bond and mortgage, knowing that it was trust property, without the concurrence of all of the trustees, they are bound to make good any loss resulting to the estate from the transaction. The fact that Mark H. Eisner was under a temporary injunction, procured upon the petition of one of his co-trustees, could not invest the remaining trustees with any greater powers than they had before; and a modification of the rule in respect to the duties of trustees in this regard would open the way to fraud, which it is the policy of the law to prevent. The plaintiffs could get no larger equity in the bond and mortgage than the amount which the estate received, without the concurrence of all of the trustees, and we do not see how Mark H. Eisner can be said to have ratified the transaction because he took no action after the dissolution of the order of injunction. His ratification could not make valid a transaction by which the estate had been deprived of a considerable sum of money. The wrong had been worked while he was incapacitated, and the rights of all parties had been fixed. While he may have been negligent in not seeking to restore the property, this cannot give the plaintiffs rights as against the trust estate; and we are of opinion that the case has been decided upon the merits, and decided correctly. If people will deal with trust property, disregarding the law, they must abide the result when they appeal to equity, which has a tender regard for trust estates, and will not permit them to be dissipated through an invasion of the rules intended to guard them against the carelessness or dishonesty of individuals. The judgment appealed from should be affirmed.

Judgment affirmed, with costs. All concur, except HIRSCHBERG, J., who dissents.