Kinkead, J.
Counsel have stated to court and jury the issues presented by the pleadings, and have also made certain admissions, a record of which has been made by the stenographer.
The action is upon a contract consisting of a written order for the purchase of goods given by defendants to plaintiff, which *603 was accepted and the goods delivered by plaintiff to a transportation company consigned to defendants October 29, 1908.
The goods ordered consists of a complete stock of soaps, toilet water, powders and a four-foot case. There was a privilege to return and exchange any goods after the same had been displayed in the store of defendants for ninety days, the goods so retained to be accompanied by a new order for goods of equal valúe. Goods could not be returned for credit except as provided in the contract. The contract further provided as follows:
“Our agent is merely a solicting salesman, and all orders are subject to our approval or disapproval.' Purchaser must, therefore, see to it that all arrangements pertaining to this order are shown hereon, .as none others will be recognized. •
“Mutual Manufacturing Company, Canton, Ohio.
“On your approval of this order please deliver at your earliest convenience to the most convenient transportation company the goods listed in this order upon the terms named herein and no others, all of which I fully understand and approve.”
The defendants, qualified denial must be construed as an admission of the execution of the written order.
The defendants now admit in their statement to court and jury that the goods were delivered to the Pennsylvania Company, and while the same were in transit, defendants wired a revocation of the order, and refused their acceptance. Their defense is that they signed the instrument or order on the oral promise made by the salesman and agent of plaintiff that plaintiff would first deposit a bond with the Union National Bank of Columbus, Ohio, conditioned for the faithful performance by plaintiff of the provisions of said written instrument, said bond to be deposited to plaintiff’s satisfaction before said goods were shipped to defendants.
The statements and admissions of counsel are that no bond was given, and there is no averment in defendants’ answer, and no claim made in the statement of the case, that knowledge of the-alleged arrangement as to the bond by the salesman was brought home to plaintiff.
*604 The claim invoked by defendants in support of their defense is that the contemporaneous oral promise of the agent, that plaintiff would give the bond to the satisfaction of the defendants before the goods were delivered, is a condition precedent to the execution of the contract.
In support of this claim they invoke the add of the well settled doctrine that where there is a clear ,distinct oral agreement made by the parties to a written contract that certain things shall be done, or conditions complied with, before the contract or instrument shall be delivered or become effective, or be put in operation, such parol arrangement may be shown to determine whether the writing ever became a binding contract under the agreement. This rule is founded and maintained on the theory that the parol agreement in respect to the delivery of the instrument, or to its effect and operation, does not in any sense contradict or vary its terms, but relates exclusively to its execution and existence as a contract.
The question presented here is close and difficult of decision by application of. legal principles established by precedent.
We have here the question, first, as to the making or execution of a contract of purchase and sale of property. It is fundamental that to make a contract there must be mutuality of minds. When a contract is made between parties through the medium of an agent, its terms and conditions must be confined either within the known authority and limitations thereof conferred upon the agent, or within the apparent scope of authority. There can not always be that exact mutuality between contracts made through the medium of agency, as there is wlien the parties themselves make the contract direct. If the agent transgresseTTnstructions, his acts may or may not be binding upon the principal; and they may or may not bind the contraetee. There are certain tests and rules brought into use and application in the determination of the question of the execution or formation of contracts made through an agent, which supplies the defects in mutuality, which sometimes occur by reason of the transgression of the power and authority on the part of the agent, and which are designed to determine whether the arrangement made *605 •by the agent shall be binding upon both parties. The purpose of these rules is to protect the rights of both parties as the circumstances may demand. There must, however, be mutuality of right and protection. Under some circumstances the third party may hold the principal for the unauthorized act of the agent, who may have acted within the apparent scope of his authority. Under other circumstances the principal may not hold the third person.
The apparent design of the form of order involved here was to protect plaintiff from transgressions of their agents; or to put it in another way, it .was to secure all proposals from purchasers to be in writing.
The rule of law is that all lawful limitations which the principal imposes upon an agent’s powers, so long as they are not secret, will be as binding upon thifd persons legally charged with notice of them as they are upon the agent himself. 31 Cyc., 1330, note, 96; Bryant v. Moore, 26 Me., 84 (45 Am. Dec., 96).
“And if the original authority is a restricted and limited one, then such limitations form part of the power itself, and third persons must know them at their peril.” 31 Cyc., 1330.
“If specific instructions are brought home to the knowledge of. a third .person dealing with the agent, it can not- matter whether he is a -general or a special agent; in either case his power to bind his principal will be limited by these known instructions or limitations.” Id., Marvin v. Ins. Co., 85 N. Y., 278 (39 Am. Rep., 657).
The limitations upon the agent representing plaintiff as shown in the written order signed by defendants were clear and explicit. He was a special agent merely to solicit orders, and to communicate them to plaintiff, all of them being subject to its approval. The order itself certifies that all the terms named therein were understood and approved by defendants, and that there were no other terms.
The contract of sale was, in fact, therefore made directly between plaintiff and defendants, the agent’s powers being that of mere solicitation and communication. These limitations being brought home to the defendants by the printed order which *606 they signed, they were, therefore, bound to know and act upon them at their peril. It was their duty to put into the written order all the terms and conditions either of the contract itself, or of the conditions precedent upon which their proposal to purchase was made. The conditional arrangement as to the bond, claimed to have been the condition upon which defendants signed the order and intrusted it with the agent for transmission, was clearly within the limitation of “arrangements pertaining to this order,” as specified therein.
It is claimed that the condition that plaintiff would execute a bond is a condition precedent to the delivery of the written order and to defendants’ acceptance of the goods, and that parol testimony in proof thereof is not, therefore, in contradiction of the terms thereof. This forms the basis of the claim for the application of the rule of precedent that oral testimony may be permitted to show an oral agreement that a written order was not to be binding, except on certain conditions resting in parol, in which case there is no contract to be varied or added to. Pratt v. Chaffin, 136 N. C., 350, is an illustration of the rule. There was a provision in the printed order involved in' that ease that there was no understanding with the salesman" except as printed or written on the order. The order was a conditional one, dependent upon the approval of the partner of the one signing it. But the contract involved here is much different, because the written proposal of defendants embodied an agreement to the limitation upon the powers of the agent.
If a bond for the faithful performance of this contract, which was of a continuous nature, were to be given, it would have become part of the contract and should have been incorporated into the written order.
It seems clear that the argument and reasons offered show that the oral agreement as to the bond would be in contravention of the contract as made.
The facts do not present a case for the application of the rule of ratification of acts of a general agent, acting within the scope of his authority; nor of the rule of ratification to.the *607 effect that the principal can not adopt in part the acts of an agent without adopting as a whole; or that the acceptance of the benefits of the transaction imposes the obligation to assume its burdens and operates to confirm it as a whole.
The reason why they do not, repeating them, is because defendants were dealing with an agent with limited or restricted powers of solicitation and .communication, without any power whatever to bind the plaintiff by contract other than the written order specified; they therefore relied upon any oral promise he may have made, not communicated to the plaintiff at their peril.
Verdict granted in. favor of plaintiffs.