JAMES F. MASON, Respondent, v. GEORGE Y. SMITH,
Appellant.

*Supreme Court, Third Department, General Term, December 28, 1889.*

1. *Sale. Sample.*—On a sale of merchandise by sample, the vendee
   must examine the goods promptly when delivered, and if found not to
   correspond with the sample, to return them at once and give the ven-
   dor notice.
2. *Same.*—Returning a part and retaining the balance after examination
   extinguishes the right of a further return.
3. *Same.*—The vendee, after making an arrangement to substitute other
   goods, cannot return the latter, and has no remedy on the original or
   subsequent contract.

Appeal from a judgment entered upon a verdict directed
by the court upon a trial before the jury at the Fulton cir-
cuit.

The plaintiffs are manufacturers and importers of gloves
at Johnstown, N. Y. The defendants are retail sellers of
gloves and other dry goods in Kansas City, Mo. The plaint-
iffs' travelling salesman, April 8, 1887, at the defendants'
store in Kansas City, upon the exhibition of samples of No. 1
first quality gloves, made an agreement in behalf of the
plaintiffs to sell to the defendants a bill of gloves as specified
in an order then made, the same to be of the quality of the
samples shown, the gloves to be sent to the defendants
August 15, 1887; and the defendants agreed to buy and
pay for the same at the prices then fixed. The gloves were
to be thereafter made or imported by the plaintiffs. The
plaintiffs did import and send to the defendants on August 31,
1887, the gloves as ordered, except that the quality or a por-
tion of them was inferior to that of the samples. The gloves
were received by the defendants September 17, 1887. The

defendants immediately placed some of them on sale and found them to be defective, the gloves breaking when fitted to the hands of customers. The defendants carefully examined every pair of the gloves before October 1, 1887. The liability of the gloves to break would not be detected upon such examination. October 6, 1887, the defendants returned to the plaintiffs two and one-twelfth dozen of the gloves, and wrote them as follows :

"KANSAS CITY, Mo., *October* 6, 1887.
"*Messrs. Mason, Campbell & Co., Johnstown, N. Y.*

"GENTLEMEN :—We return to you to-day, U. S. Ex., kid gloves as per enclosed bill. You will find on examination that they are not perfect, and for this we will ask you to kindly credit our account with amount. We have, at this late date, examined every pair of these gloves and are not at all satisfied with them. Would much rather return same to you than to place them on sale as they do not open up as we think they should. We should prefer not to accept these even at a ten per cent. allowance. Should have advised you at an earlier date but could not make proper examination sooner. Awaiting your reply, we remain,
"Yours resp.,
"G. Y. SMITH & Co."

The plaintiffs credited the defendants with the price of the gloves returned and October 22, 1887, wrote the defendants as follows (omitting immaterial paragraphs) :
"*Messrs. G. Y. Smith & Co., Kansas City, Mo.*

"GENTLEMEN :—Your favor of the 6th inst. received, and in the rush of business at this season of the year we find this our first opportunity to reply. We have examined the goods returned by you and consider you justified in returning the same. We will frankly admit that the goods shipped you left our factory immediately after arriving in port and without an examination by us. * * * Consequently our orders were behind, and as soon as the goods came in they were

reshipped immediately, that our customers might not be disappointed longer than necessary, and the goods escaped our notice. Since receiving your letter we have examined carefully the portion of this importation still in the factory, and must admit that we do not find them what they should be. * * * We have reached this conclusion. You are at liberty to examine our goods, pick out the seconds, and all the goods (leaving the matter to your judgment and idea of what is fair) which are not satisfactory you may return, and we will be glad to send you in exchange A. No. 1 goods. We wish to do what is right in this matter and trust that in the above proposition you will find proof of the fact. Hoping this will meet your approval and awaiting returns, we are,                    Yours very truly,
                              " MASON, CAMPBELL & Co."

The defendants continued keeping the gloves or some of them on sale until they received the above letter.

October 26, 1887, the defendants returned the plaintiffs 37 7-12 dozen gloves and wrote them as follows :

" GENTLEMEN :—Your favor of the 22d inst. received and contents carefully noted. After making another thorough examination of the kid gloves in question we have decided to return them. This we do to-day by U. S. Ex. We enclose bill and ask you to please credit us with the amount.
                              " Yours truly,
                              " G. Y. SMITH & Co."

October 28, 1887, the defendants returned plaintiffs 8 6-12 dozen gloves and wrote them as follows :

" GENTLEMEN :—We return to you to-day, U. S. Ex., No. 864, 2 7-12 doz. men's gloves. These goods are worse than the worst of seconds, and are such that we cannot use. In ordering we gave our order for first quality goods, not seconds, as sent. With these return the ladies' black piques, and will ask you kindly to credit both lots. We do this

very reluctantly, but are compelled to do so, in order to protect both our customers and ourselves.

"Yours resp.,

"G. Y. SMITH & Co."

November 3, 1887, the defendants returned to plaintiffs the balance of the gloves remaining, having sold altogether five and one-half dozen, and wrote plaintiffs as follows:

"GENTLEMEN:—By to-day's Exp. we return to you the No. 946, kid gloves. We have kept them until now, thinking that we could possibly dispose of them, but we find that they are so entirely unsatisfactory that we think it best to return them now. We think that you will plainly see that we are justified in doing this. We hope that you will have no hesitancy in crediting them. Please do so, and greatly oblige.                         Yours truly,

"G. Y. SMITH & Co."

November 10, 1887, the plaintiffs wrote the defendants as follows, sending them by express the gloves specified in the letter:

"GENTLEMEN:—We are in receipt of your favors of Oct. 25th, Oct. 27th and Nov. 3rd, with goods referred to in each respectively. We have examined every pair of these goods, and this day, according to agreement, we return to you other goods perfect in every particular, as follows; as returned with your favor of Oct. 25th.

"31 1-12 doz. ladies gloves at $16.50, as per favor of Oct. 27th.

"No. 864, 2 7-12 doz. gents' gloves at $9.50; No. 946, 5 11-12 doz. ladies R. C. gloves at $20.00, as per favor of Nov. 3rd.

"No. 946, 11 11-12 doz. ladies R. C. gloves at $20.00; No. 945, 1-2 doz. ladies R. C. gloves at $20.00.

"We know what these goods are, as they have passed under our personal inspection, and you will not be able to find fault with them. We did not suppose when we gave

you permission to examine the goods and return those which were defective (which was extraordinary in itself) that you would abuse the privilege and submit us to express charges on the entire lot, when in truth there were but few pairs comparatively at fault. We are still at a loss to understand in what way the Russian calf goods were defective, for it is evident to any judge of gloves that they are the finest and most perfect goods in every particular that can be brought to this country.

" The first few pairs of ladies' gloves returned to us were credited on your account, and we did not bother to exchange them. As it was we were hindered at our busiest season to inspect goods which, when examined, proved perfect in a majority of cases. Confident that we will receive no more complaints on these goods and assuring you that we will listen to none, for we now know positively what the goods are, we are            Yours truly, etc.,

" MASON, CAMPBELL & CO."

The defendants refused to receive the gloves last sent them by plaintiffs, and caused them to be returned by express to the plaintiffs without opening the box containing them, and wrote them to that effect, and that they could not try to sell the goods. The plaintiffs refused to receive the box containing them from the express office. Evidence was given tending to show that September and October are the best months for the retail trade in gloves.

This action is to recover for the bill of gloves first sent, less the credit given for those first returned.

The court directed a verdict for the plaintiffs, holding that the defendants had had ample opportunity to examine and had examined the gloves before they received the plaintiffs' letter of October 22, 1887, and that not having returned them because of their non-conformity to the sample, the title to the gloves vested in the defendants, and that they did return them pursuant to plaintiffs' proposition in their letter of October 22d, and were therefore bound by its terms to

accept the gloves sent them by plaintiffs, November 10, 1887, and hence the plaintiffs' right to recover was complete. The defendants asked to go to the jury upon the evidence; the court refused, and defendant excepted.

*Arthur R. Robertson*, for appellants.

*John M. Carroll*, for respondents.

LANDON, J.—(After stating facts as above.) This was an executory contract for the sale and delivery of the gloves. The defendants were not obliged to keep the gloves if they were not of the kind and quality ordered, that is, No. 1, first quality, of the styles specified. When defendants received the gloves it was their duty to examine them as promptly as they reasonably could, some of the cases say immediately, and if they found the gloves were not the gloves ordered, but varied from the order in any respect unsatisfactory to themselves, they were put to their election either to accept or reject them. Failing to return them or to give the plaintiff notice to take them back, they are presumed to have accepted them. Reed *v.* Randall, 29 N. Y. 358; Gaylord Mfg. Co. *v.* Allen, 53 Id. 515 ; McCormick *v.* Sarson, 45 Id. 265 ; Beck *v.* Sheldon, 48 Id. 365; Coplay Iron Co. *v.* Pope, 108 Id. 232.

The evidence shows that the defendant did examine the gloves, and on October 6, 1887, returned a small parcel of them as defective.

They had examined every pair of them. They knew how they looked and felt, and had fitted enough of them to their customers' hands to know to what extent to expect breakage in that process. The plaintiffs accepted the returned parcel without objection. The defendant's letter of October 6th to the plaintiffs states as the result of their examination, which the letter speaks of as a " proper examination," that " we are not at all satisfied with them." It appears from that letter that

they elected to return a part and invite concessions from the plaintiffs as to the rest. They say : " We would much rather return them to you than to place them on sale, as they do not open up as we think they should. We should prefer not to accept these even at ten per cent. allowance.   *   *   * Awaiting your reply, we remain," etc.   Returning part and retaining the rest after examination was a loss of the right of further return.   The matter thenceforth rested upon such concessions as the plaintiffs might make.   The plaintiffs made concessions in their letter of October 22d.   These were that the defendants might return such gloves as did not suit them and plaintiffs would replace them with " A No. 1 goods."   The defendants thereupon returned all the goods unsold, and plaintiffs sent them the " A No. 1 goods," and defendants rejected them without examination.   The defendants have no remedy upon the original contract, and none upon the subsequent one.   The replaced gloves became theirs and their refusal to accept them was their own fault.

There is no disputed question of fact, and we think it was the duty of the court to declare the law and direct the verdict for the plaintiffs.

Judgment affirmed, with costs.