(17 Misc. Rep. 607)

## SIMON v. WOOD.

(Supreme Court, Appellate Term, First Department. July 28, 1896.)

SALE—RIGHTS OF BUYERS—REJECTING GOODS.

 Where the buyer accepts part of the goods sold, he cannot reject the balance on the ground that they were not according to the sample.

Appeal from Fifth district court.

Action by Solomon Simon against William Wood to recover the agreed price of merchandise sold and delivered by plaintiff's assignor to defendant. Judgment was rendered in favor of plaintiff for part of the sum demanded, and plaintiff appeals. Reversed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

H. B. Davis, for appellant.

Wm. Cowper Prime, for respondent.

BISCHOFF, J. The plaintiff sued, as the assignee of one T. Simon, to recover the agreed and aggregate price of a certain num-

ber of caps manufactured and delivered by the latter at the defendant's instance and request. The defenses to the action, as originally interposed, were a general denial and a counterclaim for damages for the breach of an alleged warranty. The amount sued for was $73.93. The justice below awarded the plaintiff but $30.30. Hence the latter's appeal from the judgment.

The defendant's claim of a warranty appears to have been predicated exclusively on an alleged "sale by sample," but the record shows that the defendant failed even of the attempt to show damages; that is to say, that the caps delivered and accepted were not of equal value with those ordered. The counterclaim must, therefore, be taken to have been abandoned at the trial. It was unchallenged that all of the caps ordered had been delivered, and the defendant admitted his acceptance of $28.75 worth thereof, taking the caps at the agreed prices, and allowing for agreed discounts. The remaining caps the defendant had offered to return, but such offer the plaintiff's assignor refused to accept. Plainly, upon these facts, the plaintiff was entitled to judgment for the full amount claimed by him. The contract was entire, and the defendant could not arbitrarily retain of the whole number such as suited him, and decline to receive the remainder. If all of the caps delivered did not come up to the required standard, he was not bound to accept any of them. Neither was the plaintiff's assignor bound to be content with the defendant's acceptance of a part only of the caps agreed by the latter to be accepted by him. It was the defendant's duty either to retain all or to reject all, in the absence of an agreement permitting him to do otherwise. Having accepted the caps in part, the defendant must be deemed to have accepted them all. Shields v. Pettee, 2 Sandf. 262. If, after such acceptance, any of the caps proved to be deficient in quality, reliance for redress should have been upon the warranty, if any.

It is urged in support of the judgment that there was evidence of an agreement between the plaintiff's assignor and the defendant, made after the delivery of the caps, that the defendant should be required to retain thereof only such as his customers would accept, which proved to be $28.75 worth, after deducting the agreed discounts. To this it is to be said that no such defense was pleaded, but, assuming that it was litigated by consent of the parties, it is plain that the defense last alluded to did not prevail, the judgment for $30.30 being inconsistent with any such theory.

The judgment should be reversed, and a new trial had, with costs to the appellant to abide the event. All concur.