(89 App. Div. 234.)

### EMPIRE STATE BAG CO. v. McDERMOTT et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. SALES—IMPLIED WARRANTIES—QUALITY OF GOODS.
    Under a contract for the sale of merchandise of a kind that the buyer had previously bought from the seller the buyer had a right to expect a grade of material as high as that previously furnished by the seller.

2. SAME—REJECTION BY BUYER—DUTIES OF SELLER.
    Where a buyer refused to accept the goods, and returned them to the seller, the seller was bound to use reasonable care to make the buyer's loss as light as possible, which duty was not fulfilled by refusing to receive the goods and allowing them to stand on the sidewalk in front of his place of business until removed by the city authorities as a nuisance.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by the Empire State Bag Company against Michael F. McDermott and Wm. J. Howard, a copartnership doing business under the name and style of McDermott & Howard. From a judgment of Municipal Court for plaintiff, defendants appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

B. L. Kraus, for appellants.
Andrew F. Murray, for respondent.

WOODWARD, J. The plaintiff brought this action to recover the purchase price of nine bales of secondhand burlap alleged to have been sold and delivered to the defendants at their request. The defendants admit the delivery to them of the burlap, but allege a breach of warranty, and a rescission of the contract by them, followed by an actual return of the goods to the plaintiff. The trial was before the court without a jury, and resulted in a judgment in favor of the plaintiff for the full amount claimed. Upon rendering the judgment appealed from the trial court filed this memorandum: "Nine bales were delivered to the defendants. Six were offered to the plaintiff. There is no proof as to the other three. The defendants must be held to have accepted these, and is therefore liable for all"—citing Simon v. Wood, 17 Misc. Rep. 607, 40 N. Y. Supp. 675. To reach the conclusion indicated by this memorandum, the trial court seized upon a scintilla of evidence that three bales were retained by the defendants, disregarded evidence to the contrary, and by so doing sought to base its judgment upon the doctrine of the case cited. That case decided no more than that a defendant who, in an action to recover the purchase price of goods sold and delivered, predicates a claim of warranty exclusively on an alleged "sale by sample," cannot arbitrarily accept and retain part of the goods and return the remainder. He must either retain all or reject all. Having accepted the goods in part, he must be deemed to have accepted all. An authority cited in the Simon Case is Shields v. Pettee, 2 Sandf. 262. In that case the contract was to sell and deliver iron to arrive. The defendants accepted and retained a part of one shipment, but refused to accept more iron under the contract. It was

held that they were bound to affirm or rescind the contract in toto. In both of these cases the acceptance was complete, and the retaining of the goods deliberate. The contracts were entire, and the acceptance was after inspection by the defendants. In the case at bar the nine bales of burlap were received, but it was established by a preponderance of evidence at the trial that they were rejected as promptly as was reasonable in view of the difficulty of inspection due to the kind of material and the form in which it was delivered. It is not sufficiently shown by the plaintiff that the communications the defendants claim to have sent it almost immediately after the delivery, rejecting the burlap, did not reach persons authorized to act in the premises; and even the rejection, conceded to have been made less than a month from the delivery, was, under the circumstances, timely and sufficient. The ground of the defendants' rejection was that the burlap was inferior in quality to that previously furnished them by the plaintiff, and that the plaintiff had specifically agreed with one of the defendants' employés by telephone to supply the same quality as on previous occasions. There is a square conflict in the evidence as to the express warranty, and it would perhaps be a fair deduction that nothing was said on the subject at the time of the making of the contract; but the defendants had a right to expect a grade of material, under this agreement, as high as the plaintiff had previously furnished them. That it did not supply this was shown by the uncontradicted testimony of several of the defendants' witnesses. The plaintiff concedes that it never saw the burlap before it was sent to the defendants. It bought it after it had offered the defendants the secondhand burlap it had "on hand." It went into the market and bought it "on receipt of the order." When the burlap was returned to the plaintiff, it refused to receive it. The defendants' driver thereupon unloaded the bales in front of the plaintiff's place of business, where the plaintiff allowed it to remain until removed by the authorities as a nuisance. It was bound to use reasonable care to make the defendants' loss in this action as light as possible, and it did not fulfill that duty. Hamilton v. McPherson, 28 N. Y. 72, 84 Am. Dec. 330; Milton v. Hudson River Steamboat Co., 37 N. Y. 210; Johnson v. Meeker, 96 N. Y. 93, 97, 48 Am. Rep. 609. It is true that a correct decision will not be reversed on appeal because founded on a wrong reason (Marvin v. Universal Life Ins. Co., 85 N. Y. 278, 39 Am. Rep. 657; Ward v. Hasbrouck, 169 N. Y. 407, 320, 62 N. E. 434), and, if the evidence fairly supported the trial court's decision, we should be compelled to affirm the judgment; but we believe, from an examination of the record, that an affirmance would work a clear injustice to the defendants, and that the judgment is against the weight of evidence, and should be reversed.

Judgment reversed, and new trial ordered; costs to abide the event. All concur.

HIRSCHBERG, J. I concur. The evidence is not as clear as it might be on the subject of the quantity of goods which was returned. There is positive proof of the return of six of the bales, but the evidence as to the other three is not clear and convincing. The question

in the case, however, is not as to the return of the goods, but as to the acceptance of them by the defendants; and under the proof the court could not justify a finding that the defendants accepted any of the bales. The plaintiff received timely notice that the goods would not be accepted, and was directed to take them away. When the defendants thereafter returned the six bales to the plaintiff, it refused to receive them, and they were disposed of as stated in the opinion of Mr. Justice WOODWARD. Even if the defendants thereafter did not return the other three bales, it cannot be held that they were liable as acceptors of them after this positive and distinct refusal of the plaintiff to take them back.