STERLING et al. v. CHELSEA MARBLE WORKS.

(Supreme Court, Appellate Term. April 8, 1909.)

1. MONEY PAID (§ 1*)—RIGHT TO RECOVER—REQUEST.

In order to support an action to recover money voluntarily paid for another, an express or implied request on the part of the person benefited that the payment should be made must be shown.

[Ed. Note.—For other cases, see Money Paid, Cent. Dig. §§ 10–12; Dec. Dig. § 1.*]

2. MONEY PAID (§ 1*)—REQUEST—EVIDENCE.

Where plaintiffs paid the premiums on certain insurance procured by them for defendants as their agents, as a necessary part of plaintiffs' employment, the necessary request by defendants that plaintiffs make such payment, in order to entitle plaintiffs to recover the money so paid, would be implied.

[Ed. Note.—For other cases, see Money Paid, Cent. Dig. §§ 10–12; Dec. Dig. § 1.*]

Appeal from Municipal Court, Borough of Manhattan, First District.

Action by Charles A. Sterling and another against the Chelsea Marble Works. From a Municipal Court judgment for defendant, plaintiffs appeal. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, P. J., and SEABURY and LEHMAN, JJ.

Chas. De Hart Brower, for appellants.
George F. Harriman, for respondent.

GILDERSLEEVE, P. J. The complaint alleges that:

"On or about the 17th day of March, 1908, the plaintiffs, at the request of defendant, procured for it four policies of liability insurance in the American Fidelity Company, and delivered the policies to the defendant; that said policies insured the defendant against loss by liability; and that the fair and reasonable value of said insurance was and is the sum of $138, no part of which sum has been paid."

The answer alleges that:

"On or about the 17th day of March, 1908, the defendant procured and effected certain liability insurance with the American Fidelity Company, of Montpelier, Vermont, through plaintiffs, as agents of the said insurance com-

pany, which insurance is the same referred to in the complaint; that the indebtedness or consideration for said insurance, if any, is due and payable to the American Fidelity Company, of Montpelier, Vermont, and not to the plaintiffs; and that defendant is not indebted to plaintiffs, in any sum whatever, on account of said insurance, or for any other thing."

At the opening of the trial defendant moved for judgment on the pleadings and to dismiss the complaint, on the ground that it stated no cause of action; whereupon the complaint was amended by adding the allegation that plaintiffs paid the said sum of $138 for said insurance. No amendment was asked to the answer denying this allegation. The motion to dismiss was renewed, on the ground that plaintiffs had no capacity to sue, and denied. The plaintiff French was the only witness called at the trial, and he testified that defendant's officers asked him to get the insurance, which he did, and he delivered the same to defendant, and that thereafter he paid the premium of $138 to the insurance company, because said company required such payment, and that no part of such sum had been repaid to plaintiffs by defendant. At the end of plaintiffs' case defendant renewed its motion to dismiss, on the same grounds as above stated, and some time thereafter the court rendered its decision dismissing the complaint, without prejudice to the commencement of another action. Plaintiffs appeal.

There is no proof of any assignment by the insurance company to the plaintiffs of its claim for premiums against defendant, if any it had; nor is there any proof that plaintiffs were the recognized agents of the insurance company. On the other hand, the allegations of the complaint, as well as the proofs taken at the trial, show that plaintiffs acted as agents of defendant in procuring said insurance, being requested or employed by defendant to do so. The payment by plaintiffs to the insurance company of said premiums secures the defendant against any claim that might be made therefor by the insurance company against defendant. It is true there is no proof or allegation of a particular request by defendant that plaintiffs should pay such premiums, nor of any promise by defendant to repay the amount to plaintiffs; but the latter were empowered to procure such insurance, and the proof is that they were obliged to pay said premiums in order to carry out their employment by defendant, as the insurance company quired the payment of such premiums, which had been charged against plaintiffs by the insurance company, not against defendant. It seems to us that the court below took too narrow and technical a view of the complaint, while the evidence must be given a construction as favorable to plaintiffs as reasonably possible, since the complaint was dismissed on plaintiffs' testimony alone.

It is true that no person can make himself a creditor of another by voluntarily discharging a duty which belongs to that other to perform, and no debt can be implied in law from a voluntary payment of the debt of another, where the payment is made without the request of the other by one who is under no legal liability or compulsion to make it (Bank v. Board of Supervisors, 106 N. Y. 488, 13 N. E. 439); and the rule is that, in order to support an action to recover money voluntarily paid for another, it is essential that a request on the part of the person benefited to make such payment, either expressed or fairly to be im-

plied from the circumstances of the case, should be shown (Albany v. McNamara, 117 N. Y. 168, 172, 22 N. E. 931, 6 L. R. A. 212). But in the case at bar it was a necessary part of the employment of plaintiffs by defendant to pay such premiums, as we have seen, and therefore the request of defendant may fairly be implied from the circumstances of the case. It seems to us that it was error to dismiss the complaint.

Judgment reversed, and new trial ordered, with costs to appellants to abide the event. All concur.