GIOVANNI OZZOLA *vs.* ANTONIO MUSOLINO & another.
ANTONIO MUSOLINO & another *vs.* GIOVANNI OZZOLA.

Suffolk. December 5, 6, 1916. — January 5, 1917.

Present: RUGG, C. J., LORING, CROSBY, PIERCE, & CARROLL, JJ.

*Contract,* Performance and breach, What constitutes. *Damages,* For breach of contract. *Practice, Civil,* Set-off of judgments.

In an action for the price of goods sold and delivered, where the defendant admits the receipt of the goods and upon the evidence is liable as matter of law to pay the contract price, the trial judge must refuse to make a ruling at the defendant's request that the defendant is liable only for the amount for which he sold the goods, which it was admitted was the contract price of purchase, less a fair charge against the plaintiff "for whose account" the defendant sold the goods, as contended by the defendant contrary to the evidence.

When an offer by letter to sell certain goods for a price named has been answered by a letter containing a clear and unconditional acceptance of the offer, a contract of sale has been made and its existence as a binding agreement cannot be affected by a subsequent letter of the seller, stating that unless he shall have received an immediate telegraphic answer of acceptance to a certain telegram sent by him he shall "consider the affair as though not transacted."

In an action for a breach of contract by the defendant in failing to deliver goods which he agreed to sell to the plaintiff at a certain price delivered at a certain time and place, the plaintiff, on proving his case as alleged, is entitled to recover the difference between the contract price and the amount that the goods would have been worth at the time and place specified in the contract of sale.

Where cross actions of contract have been tried together, in the first of which the plaintiff is entitled to recover a certain sum as the price of cheeses sold and delivered, and in the second of which the plaintiff in the first action is held

liable in damages to the defendants in the first action for his failure to deliver other cheeses which he also had agreed to sell to the defendants in the first action, if it is necessary to protect the rights of such defendants as the plaintiffs in the second action, the trial judge may make an order under R. L. c. 170, § 4, continuing the first case until a final disposition has been made of the second case in order that one judgment may be set off against the other.

CONTRACT by Giovanni Ozzola of Parma in the Kingdom of Italy against Antonio Musolino and Samuel Berger, copartners doing business in Boston, for $424.22 for goods sold and delivered and $25.44 as interest. Writ dated August 29, 1911; and

CONTRACT by the defendants in the first action against the plaintiff in that action, alleging that on August 5, 1910, they entered into a contract with the defendant Ozzola by which he agreed to sell and deliver to the plaintiffs five hundred loaves of Reggiano cheese, that the plaintiffs were at all times ready and willing to perform their part of the contract but that the defendant utterly refused to deliver the cheeses as agreed. Writ dated November 18, 1912.

In the Superior Court the cases were tried together before *Aiken*, C. J., without a jury. The facts that could have been found upon the evidence are described briefly in the opinion.

The letter of Musolino and Berger to Ozzola, referred to in the opinion, was dated at Boston, August 5, 1910, and was as follows:

"To your favors of the 11th and 20th ult.

"Reggiano. We take good notice of your assertions about the very best result that your cheese will make of which we had sample, in a month or so in the cooler season and relying upon these assertions, we, very willingly, accept the sale you made to us and would beg you to ship us a small lot as soon as you think that the season may be suitable for that.

"Following this order we will give you instructions for regular shipment of 200 loaves."

The letter of Ozzola to Musolino and Berger, referred to in the opinion, was dated at Parma, Italy, August 16, 1910, and was as follows:

"Inasmuch as from your letter of the 5th inst. we cannot exactly make out whether the contract for the 500 loaves, on the conditions of ours of June 1st and 16th same month, has been concluded or not, we telegraphed to you as per inclosed copy.

"If within tomorrow we fail to receive a telegraphic answer of acceptation, we will consider the affair as though not transacted as we cannot wait months after months between yes or no."

In the first case, brought by Ozzola, the defendants asked the Chief Justice to make the following ruling:

"On all the evidence in the case the defendants are liable only for the amount received for the cheese, which, it is agreed, is substantially the price stated in the declaration, less a fair charge against the plaintiff for whose account they sold the cheese."

The Chief Justice refused to make this ruling, and found for the plaintiff in the sum of $517.45, being the amount claimed in the first two items of the account annexed to the declaration and interest, and figuring a lira at nineteen cents in our money. The defendants alleged exceptions.

In the second case the plaintiffs, Musolino and Berger, asked the Chief Justice to make, among others, the following rulings:

"2. On all the evidence the Court must find that there was a binding contract between the plaintiffs and the defendants whereby the defendants were bound to ship cheese to the plaintiffs, and that the defendants failed to carry out their contract and committed a breach thereof, and for such breach the plaintiffs are entitled to recover damages."

"6. The plaintiffs are entitled to recover from the defendants the difference between the price specified in the contract, namely, 210 lire per quintal, and the price which would have to be paid for cheese at the time and place specified in the contract for delivery."

The Chief Justice refused to make these and other rulings and found for the defendant. The plaintiffs alleged exceptions.

*J. T. Hughes*, for Musolino and Berger.

*H. C. Tuttle*, for Ozzola.

CROSBY, J. The plaintiff in the first case seeks to recover for two shipments of cheese alleged to have been sold and delivered to the defendants.

The defendants admit the receipt of the goods and that they have not paid for them, but assert that the cheese was of inferior quality and unmarketable. They agree that they realized from the sale of it an amount substantially equal to the price charged by the plaintiff. They also contend that they sold the cheese for

the plaintiff's account, and that they are entitled to deduct from the amount received a commission on the sale.

The plaintiff lives in Italy and the defendants' place of business is in Boston. The negotiations between the parties were conducted wholly by correspondence, which appears in the bill of exceptions. Whether the goods were sold directly to the defendants or were shipped to them on consignment to be sold on the plaintiff's account, was a question to be determined by the trial judge upon the evidence as disclosed by the correspondence. Upon this evidence the defendants were liable as matter of law as purchasers of the goods for the contract price. Accordingly their request for a ruling could not have been given.

The second action is brought for breach of an alleged contract to deliver to the plaintiffs five hundred loaves of cheese. The question whether a binding contract was entered into between the parties is, in the first case, to be determined solely by their correspondence. A careful examination of the letters which passed between the parties, all of which we do not consider it necessary to refer to, shows that no binding contract was made before August 5, 1910. On that date by letter to Ozzola, Musolino and Berger accepted the offer that Ozzola had made in previous letters. Its binding force cannot be affected by Ozzola's letter of August 16, in which he writes that he cannot "make out" whether the contract has been concluded or not. The letter of August 5 is definite and free from ambiguity; it contains a clear and unconditional acceptance of the defendant's offer, and there is nothing to show that the contract was afterwards waived by the plaintiffs.

As the defendant in this action is liable for breach of contract in failing to deliver the goods, the plaintiffs are entitled to recover as damages the difference between the contract price and what the goods would have been worth at the time and place specified in the contract for delivery. The plaintiffs were entitled to have the judge make the rulings embodied in their second and sixth requests.

If it is necessary, to protect the rights of the plaintiffs in this case, that further proceedings in the first case should be continued until the final disposition of this case, application for that purpose can be made in the Superior Court. R. L. c. 170, § 4.

The amount of the plaintiffs' damages is to be determined in the Superior Court.

It follows that in the first case the exceptions are overruled, and in the second case the exceptions are sustained.

*So ordered.*