HENRIETTA L. GANT, Plaintiff, *v.* CUTTING-LARSON CO.,
INC., Defendant.*

(Municipal Court of the City of New York, Borough of Manhattan,
Fifth District, December, 1919.)

Sales — of goods — contracts — automobiles — bailment — actions
— Personal Property Law, § 150(5).

The purchaser under a contract for the sale of an automobile
rescinded the sale and upon the seller's refusal to accept the
return of the car, stored it in a garage, insured it against theft
and fire and notified the seller that it would be held liable for
the expense incurred. The car remained in storage and the
insurance remained in force after the trial of an action to
recover the purchase price and until the judgment recovered
therein by the seller had been affirmed on appeal and paid.
*Held,* that upon the seller's refusal to accept a return of the
car, the purchaser became a bailee for hire and under section
150(5) of the Personal Property Law (Laws of 1909, chap.
45) was entitled to recover of the seller the amount expended
for storage and insurance.

The judgment in the action to recover the purchase price,
in which no claim was made for the expense of storage and
insurance, was not a bar to the present action.

ACTION upon a contract.

Fitch & Grant (Byron Clark, Jr., of counsel), for
plaintiff.

H. Aplington, for defendant.

GENUNG, J. This is an action brought by the plain-
tiff, a purchaser, having rescinded a contract for the
purchase and sale of an automobile, having offered to
return the automobile to the seller, who refused to

* Received too late for insertion in proper place.—[REPR.

accept it, having instituted an action for the recovery of the purchase price and recovered judgment in the Supreme Court, New York county, which was affirmed in the Appellate Division (186 App. Div. 893), and having collected the amount of the judgment. The amount sought to be recovered in this action is the amount expended by the plaintiff for the storage of the automobile and for premiums of insurance protecting the same against the perils of fire and theft, which amount to $623.28. The answer consists of a general denial and an allegation that the proceedings and judgment in Henrietta L. Gant against Cutting-Larson Co., Inc., in the New York Supreme Court, in which judgment was entered on the 20th day of April, 1918, and the satisfaction of said judgment, is a bar to a recovery in this action. The defendant offered no evidence at the trial.

The plaintiff, having offered to return the automobile and the offer having been refused, became the bailee for hire of the property and is entitled to the usual charges of bailment or storage after notice to the defendant. The Personal Property Law (Laws 1909, chap. 45, § 150, subd. 5) provides: "Where the buyer is entitled to rescind the sale and elects to do so, if the seller refuses to accept an offer of the buyer to return the goods, the buyer shall thereafter be deemed to hold the goods as bailee for the seller, but subject to a lien to secure the repayment of any portion of the price which has been paid, and with the remedies for the enforcement of such lien allowed to an unpaid seller by section one hundred and thirty-four."

The statute therefore seems to be contrary to the principle, if such there be, as claimed by the defendant, that one cannot make himself the creditor of another without the consent of the latter (*National*

*Bank of Ballston Spa* v. *Board of Supervisors,* 106
N. Y. 488; *City of Albany* v. *McNamara,* 117 id. 168;
*Sterling* v. *Chelsea Marble Works,* 62 Misc. Rep. 626),
for the relation of bailor and bailee seems to be
created by the statute, regardless of the intention of
the parties or their consent or want of consent.   The
question for determination is what charges the bailee
is entitled to recover and what expenses the bailee is
entitled to incur for the protection of the property.

The Personal Property Law (§ 150, subd. 6) fur-
ther provides: " The measure of damages for breach
of warranty is the loss directly or naturally resulting,
in the ordinary course of events, from the breach of
warranty."

The statute does not go into any detail as to the
nature of the bailment created, whether the same be
for hire, gratuitous or for mutual benefit, but the
reason and equity of the case would seem to require
that the bailee be allowed the charges of bailment as
provided for breach of warranty in the foregoing
section of the statute.   The defendant had due notice
by a letter, dated December 7, 1916, which recited the
tender and refusal of the car, and stated " that the
car in question is now held for your account and has
to-day been placed in ' dead storage ' at the Apthorp
Garage, 214 West 80th Street, New York, for your
account and at your expense."   It does not appear
that the defendant made any complaint of the arrange-
ment which the plaintiff had made for its benefit.   The
defendant had due notice, by letter dated July 5, 1917,
that the plaintiff proposed to effect " for your account
insurance against fire and theft on the Oldsmobile
special automobile now stored at the Apthorp Garage
for your account.   Loss under proposed policy to be
payable to Cutting Larson Co., Inc., or Henrietta L.
Gant, as interest may appear.   In case the premium

is not paid by you at the time the bill therefor is rendered to you, we propose to pay the same and hold you responsible for the amount thereof.'' The defendant made no reply.

In *Utica Canning Co.* v. *Home Ins. Co.,* 132 App. Div. 421, the contract of sale was rescinded by mutual agreement, the purchaser agreeing that he would make no claim for breach of contract and would continue to store the same, without cost to the seller, for a reasonable time until the property could be resold. The property, having been stored for three or four weeks, was destroyed by fire, and the seller endeavored to recover from the insurance company insuring the purchaser the value of the property. The court held that the purchaser became a bailee for hire of the property; that where the policy covered '' the property of the assured or held by them in trust or on commission, or sold but not removed,'' the insurance company was liable to the bailor for the damages sustained by reason of the fire, and that: ''A policy on goods held in trust or on commission covers all the goods with which the party procuring the policy is intrusted, and is not confined to goods held in trust in a strict technical sense, but extends to ordinary bailments.'' In *Empire State Bag Co.* v. *McDermott,* 89 App. Div. 234, certain burlap was rejected by the purchaser and returned to the seller, who refused to receive it, and the purchaser sent it back to the seller, who permitted it to remain on the street in front of the seller's place of business until it was removed by the city authorities. The court held that: '' It (the purchaser) was bound to use reasonable care to make the defendants' loss in this action as light as possible, and it did not fulfill that duty.'' In the present case the plaintiff tendered the automobile to the defendant, who refused to receive it, and the plaintiff thereupon,

having no garage of her own, stored the automobile in a garage and insured it against the perils of theft and fire and notified the defendant of such action and that the defendant would be held liable for the expense incurred. In so doing the plaintiff sought to make the defendant's loss as light as possible, consistent with the exercise of due care and the proper regard for the right of the defendant in the automobile. Under the circumstances it would seem that the defendant is chargeable with the amount expended for storage and insurance.

The defendant claims that the judgment in favor of the plaintiff, in the action to recover the purchase price, which was rendered in favor of the plaintiff and which was paid by the defendant, is a bar to a recovery in this action. In *Hull* v. *Hull,* 225 N. Y. 342, the court said: '' To sustain a plea of a former judgment in bar of a second action it must appear that the cause of action in both suits is the same or that some fact essential to the maintenance of the second action was in issue and determined in the first action adversely to claimant.'' In the former action there was testimony to the effect that the plaintiff had tendered the automobile to the defendant; that the defendant refused to accept it; that the plaintiff thereupon placed the automobile in storage and procured insurance against the perils of theft and fire; that the plaintiff notified the defendant of such action and of the intention to hold the defendant liable for the expense incurred, and that the defendant failed to make any reply or objection. The court instructed the jury at the trial in the Supreme Court that the plaintiff claimed as her damages the amount of cash payment, and the amount allowed for an automobile given in part payment, and the interest thereon, and that the verdict must be either for that amount or for

the defendant. The jury found a verdict in favor of the plaintiff for the full amount. There was no claim in that action for the expense of storage or insurance against the perils of theft and fire. The automobile remained in dead storage at the garage and the insurance remained in force after the trial and until the determination of the appeal in the Appellate Division and the payment of the judgment. At the time of the trial the amount of the expense incurred for such storage and insurance could not be computed. The judgment in favor of the plaintiff in the Supreme Court and the payment thereof by the defendant did not constitute a bar to the recovery in this action.

The plaintiff is entitled to recover judgment against the defendant in the sum of $623.28, with interest in the sum of $18.70, making total of $641.98, together with the costs of the action.

Judgment accordingly.