RALPH SHOHFI & others *vs.* ABBOTT B. RICE & another.

Suffolk.     December 7, 1921. — April 13, 1922.

Present: RUGG, C. J., BRALEY, DE COURCY, CARROLL, & JENNEY, JJ.

*Contract*, Construction, Performance and breach. *Sale. Conflict of Laws.*

A merchant gave in September in Boston to a salesman for a manufacturer in New York an order for fifteen dozen kimonos of seven different styles and designated prices to be shipped by express. Later the manufacturer mailed an acceptance of the order in New York addressed to the merchant in Boston and fifteen dozen kimonos were delivered to the express company and transported to the merchant in Boston in two shipments. The merchant rejected and returned the first shipment and accepted the second shipment and tendered payment therefor, which the manufacturer declined to receive. In an action by the manufacturer against the merchant to recover the contract price of the entire fifteen dozen kimonos, the jury found specially that the kimonos in the first shipment did not correspond with the sample. *Held*, that

(1) The order and acceptance constituted the contract;

(2) Delivery of the kimonos to the express company as requested by the defendant was as a matter of law delivery to the defendant;

(3) The contract was consummated in New York, and the rights of the parties were governed by the laws of that State;

(4) By the laws of New York, in evidence at the trial, the contract was entire and the defendant, having accepted and retained part of the kimonos, became bound to pay for the whole shipment;

(5) Judgment should be entered for the plaintiff for the purchase price of the fifteen dozen kimonos.

CONTRACT, by a manufacturer of kimonos in New York against a dealer in Boston for $183, the price of kimonos alleged to have been sold and delivered to the defendants. Writ dated February 1, 1918.

The action was tried before *Keating*, J. The material evidence is described in the opinion.

By agreement of the parties the judge submitted the following question to the jury: "Did the goods delivered by the plaintiffs to the defendants conform to the samples and to the order given by the defendants to the plaintiffs for kimonos under the style numbers 324, 354, 358, 356, 350 and 183, as set forth in Exhibit A annexed to the plaintiffs' declaration." The jury answered the question in the negative, and the judge thereupon ordered them to return a verdict for the plaintiffs for $14 and reported the case

for determination by this court in accordance with a stipulation that, if he was right in ordering a verdict for the plaintiffs for $14, judgment should be entered upon that verdict; but if he had erred in ordering such verdict, judgment should be entered for the plaintiffs for $183 and interest.

*H. W. Jarvis*, for the defendants.

*F. D. Healy*, for the plaintiffs.

BRALEY, J. The defendants, doing business as the Glen Shirt and Collar Company, having been solicited at their store in Boston by a salesman of the plaintiffs to buy kimonos of the kind and quality appearing by samples which he exhibited, gave the following order:

"S. Shohfi & Sons
Manufacturers of
Kimonos, Negligees, Bath Robes
and Sport Coats. ·
151–153 West 19th Street

New York

Ship to . . . . Glen Shirt & Collar Company . . . . Dept.

Address . . . . Boston Mass.

Via. . . . . Exp. . . . . Delivery ast.

Terms 4/10–2/10–30x . . . . Salesman N. Coury

| Style | Doz. | Colors | 36 | 38 | 40 | 42 | 44 | Price | Remarks |
|---|---|---|---|---|---|---|---|---|---|
| 324 | 5 | Ast | | " | " | " | " | $10.50 | 52.50 |
| 354 | 1 | " | | " | " | " | " | 15.00 | 15.00 |
| 352 | 1 | " | | " | " | " | " | 13.50 | 13.50 |
| 358 | 1 | " | | " | " | " | " | 12.00 | 12.00 |
| 356 | 1 | " | | " | " | " | " | 18.00 | 18.00 |
| 183 | 1 | Rose, light Blue | | " | " | " | " | 19.50 | 19.50 |
| 350 | 5 | Ast | | " | " | " | " | 10.50 | 52.50 |

$183.00"

The plaintiffs replied:

"Glen Shirt & Collar Co.,
Boston, Mass.

Gentlemen: —

We beg to acknowledge receipt of your esteemed order given

to our Mr. N. Coury . . . for which please accept our thanks. Same shall have our careful and prompt attention.

                                                    Very truly yours,
Dept. No.                                           S. Shohfi & Sons.
Amt. . . $183.00
Delivery   At once
Terms 4/10 or 3–10/30x."


The order and acceptance constituted the contract. The plaintiffs selected from their stock fifteen dozen kimonos corresponding to the numbers on the order, which were transported from New York by the American Express Company in two shipments to the defendants' store. But upon inspection the defendants rejected the first shipment of fourteen dozen as not corresponding with the sample, accepted the second shipment of one dozen, and tendered payment therefor, which the plaintiffs declined to receive and brought the present action to recover the price of all the kimonos. The jury, to whom by agreement of parties the question was submitted, found, that the goods shown by the style numbers 324, 354, 358, 356, 350 and 183 of the order did not correspond with the sample, and no question is raised that the offer to return was not made within a reasonable time.

It is contended by the defendants that the contract was divisible, conferring the right to reject kimonos which were not as warranted and to accept those which were in conformity with the sample. *Barlow Manuf. Co.* v. *Stone,* 200 Mass. 158, 160. *P. Garvan, Inc.* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 280. *Cavanaugh* v. *D. W. Ranlet Co.* 229 Mass. 366, 371. Sales act, St. 1908, c. 237, § 76, G. L. c. 106, § 65. The plaintiffs however urge that they were not bound to deliver by instalments; but the sale was on a single order for a round sum, the goods to be delivered at once. The defendants promised to pay for the whole, and not for each item treated separately, and the designation of a price for the different items did not constitute independent sales, and they could not accept in part and reject in part. *Roach* v. *Lane,* 226 Mass. 598. *F. W. Stock & Sons* v. *Snell,* 240 Mass. 427.

The sale, of course, was incomplete until delivery, and delivery to the express company as requested by them was as matter of law delivery to the defendants, and the contract was consummated

in New York by the laws of which the rights of the parties are governed. *Kline* v. *Baker,* 99 Mass. 253, 254. *Smith* v. *Edwards,* 156 Mass. 221. *Dr. A. P. Sawyer Medicine Co.* v. *Johnson,* 178 Mass. 374. The plaintiffs introduced in evidence *Mason* v. *Smith,* 8 N. Y. Supp. 301. *Simon* v. *Wood,* 40 N. Y. Supp. 675, 676, and *Stein* v. *La Plante,* 169 N. Y. Supp. 429. The uniform doctrine of these decisions, which the defendants did not dispute, is that the contract in question was entire, and the defendants having accepted and retained part of the goods became bound to pay for the whole shipment. The sale was upon condition that on arrival the goods should conform in quality and style to the sample, and the defendants could reject the goods within a reasonable time if upon inspection any part of the goods did not conform to the implied warranty. *Mason* v. *Smith,* 8 N. Y. Supp. 301. See *Alden* v. *Hart,* 161 Mass. 576. The statutory law of New York (5 Consol. Laws, c. 41, § 150) which also was introduced provides, that

"1. Where there is a breach of warranty by the seller, the buyer may, at his election,

(a) Accept or keep the goods and set up against the seller the breach of warranty by way of recoupment in diminution or extinction of the price;

(b) Accept or keep the goods and maintain an action against the seller for damages for the breach of warranty;

(c) Refuse to accept the goods, if the property therein has not passed, and maintain an action against the seller for damages for the breach of warranty;

(d) Rescind the contract to sell or the sale and refuse to receive the goods, or if the goods have been received, return them or offer to return them to the seller and recover the price or any part thereof which has been paid.

"2. When the buyer has claimed and been granted a remedy in any one of these ways, no other remedy can thereafter be granted."

It follows from the terms of the report that judgment is to be entered for the plaintiffs in the sum of "one hundred and eighty-three dollars" with interest from the date of the writ.

*So ordered.*