JOSEPH K. LARKIN & others *vs.* CHANDLER AND FARQUHAR COMPANY.

Suffolk.     March 21, 1924. — June 13, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & WAIT, JJ.

*Contract*, Made by correspondence, What constitutes.

On demurrer to a declaration in an action for alleged breach of a contract by the defendant to sell nails to the plaintiff, where the plaintiff relied upon extended correspondence and exhibits to establish the existence of the contract, this court *held*, that the exhibits did not show an acceptance by either party of an offer by the other, but that the plaintiff seemed to be trying in the correspondence to get from the defendant something which would amount to an acceptance of the terms for shipment which the plaintiff desired, while the defendant was ready to do business on his own terms when the plaintiff should assent to them.

CONTRACT for breach of alleged contracts by the defendant to sell nails to the plaintiff. Writ dated December 9, 1920.

The defendant demurred to the declaration. The demurrer was heard by *Morton*, J., who ordered it sustained and reported the action to this court for determination of the correctness of his ruling.

*W. E. Tucker*, (*F. King* with him,) for the plaintiff.

*F. L. Simpson*, (*A. P. Teele* with him,) for the defendant.

WAIT, J.     This case is before us on a report by the judge of the Superior Court who sustained a demurrer to the second substitute declaration; and upon an agreement of the parties that, if the demurrer was sustained rightly for defects of substance in the declaration, judgment is to be entered for

the defendant; if the declaration has defects of form which can be cured by amendment, the case is to be remanded with leave to amend for further proceedings on the merits; and if the demurrer should have been overruled, the case is to be remanded for further proceedings on the merits. Its determination depends upon the interpretation to be given to the correspondence between the parties which is fully set out in the declaration. If written contracts as alleged in the declaration appear, then the demurrer should have been overruled.

In December, 1919, the plaintiffs sent out a circular letter inquiring with regard to purchases of nails. The defendant replied, exhibit B, that it expected a shipment, quoted a base price, and " If you are in position to accept delivery of 3 to 6 weeks, we would be pleased to have you send us further specifications on your requirements." Thereupon the plaintiffs, on December 15, wrote. " In response to yours of the 13th . . . for shipment within the next three to six weeks, the price specified will be satisfactory. Please advise if you can accept our order . . . at this price or what quantity you can guarantee delivery upon," exhibit C. On December 16, the defendant wrote, exhibit D, " . . . we can take care of your requirements for this type of nail provided order is placed with the understanding that delivery will be made at the very earliest possible opportunity presented. We understand that we are expecting deliveries . . . so as to enable us to make part shipment in about four weeks, if we are favored with your order." The letter went on to state weights, counts and prices per keg for the kinds of nails inquired about in the letter of the 15th, added that delivery would be " F.O.B. Cars, Boston," and concluded " We would be pleased to have you consider the delivery we have extended and favor us with your order for any of the quantity required."

Manifestly, so far there has been no contract. Under date of December 19, the plaintiffs sent an order to the defendant, exhibit E.

" Chandler & Farquhar Co.,                        S-2812
Boston, Mass.                        WCH — 12/19/19.

"To us, c/o Bush Terminal Railroad Co., 49th St. & 2nd Ave., Brooklyn, N. Y.

As below, FOB Boston, less 2% — 10 days.

Hurry shipment as much as possible.

Cement Coated Coolers — in guaranteed count kegs.

| | | |
|---|---|---|
| 1000 Kegs | 6d | $4.70 per keg net |
| 400 Kegs | 7d | 4.70 per keg net |
| 1000 Kegs | 8d | 4.60 per keg net |
| 1000 Kegs | 10d | 4.55 per keg net |

"Time of delivery is the essence of this order.

"It is understood that in accepting this order that complete shipment is to be made within the next 3 to 4 weeks."

This was a definite offer. It was not an acceptance of any offer of the defendant; for in the teeth of what the defendant had insisted, it made time of delivery of the essence, required complete shipment within the next three or four weeks, i. e. on or before January 16, 1920, and gave "less 2% — 10 days" as terms of credit. How or when this offer was sent does not appear.

The plaintiffs set out exhibit F as an acceptance of the offer.

"FHJ/S                                    C11931

Balance due on your order.

No. S 2812                       J. K. Larkin & Co.,
                                        34 Reade St.,
                                        New York, N. Y.

Dated 12/19/19. Our order No. C 11931. Dated 12/22/19.

We are entering orders at the factory today for the following:

CEMENT COATED COOLERS.   (COUNT KEGS.)

| | | |
|---|---|---|
| 1000 only Kegs | 6d | $4.50 per keg net |
| 400 only Kegs | 7d | 4.70 per keg net |
| 1000 only Kegs | 8d | 4.60 per keg net |
| 1000 only Kegs | 10d | 4.55 per keg net |

ACKNOWLEDGMENT OF ORDER.

To be sent direct via freight."

[Printed] CHANDLER & FARQUHAR CO.

This document is on a form, bearing the printed words " Chandler & Farquhar Co." across the end at the side; " Balance due on your order " in the upper left hand corner; " We are entering orders at the factory to-day for the following "; and in large letters " ACKNOWLEDGMENT OF ORDER." It is not in itself an acceptance. It is what it states itself to be, an acknowledgment. On the printed blank was written " C 11931," the defendant's factory number; " No. S 2812," the plaintiffs' order number; the name and address of the plaintiffs; the dates " 12/19/19 " for order S 2812, and " 12/22/19 " for order C 11931; the articles ordered with the prices; and " To be sent direct via freight." It says nothing of time of delivery or terms of credit.

When and how this was sent to the plaintiffs does not fully appear. However, on December 24, Wednesday, the defendant wrote the plaintiffs, exhibit G, in reference to " order S-2812, Dec. 19, 1919 " objecting that the specification in regard to shipment was not in accord with its quotation, and concluding: " If you do not care to have this order remain with us, as per the conditions of our letter, please advise us to that effect immediately. Otherwise we will consider that you have corrected your records to agree with this letter and with our original quotation of December 16th." In a later exhibit " O," the defendant says this letter was written on the receipt of exhibit E. If the " Acknowledgment Of Order," exhibit F, was enclosed with this letter, then there was no acceptance of plaintiffs' order S-2812 by the defendant. If not so enclosed but sent by the defendant and received by the plaintiffs before exhibit G, the result is the same. As already stated, we do not regard exhibit F as an acceptance of the offer of exhibit E. Neither did the plaintiffs. Had they done so, their letter of December 26, exhibit H, would have stated in substance, that their offer had been accepted and time for delivery is now settled. Instead they say: " In response to yours relative to our order S-2812, your original letter specified shipment about four weeks. If delivery could be made within this time, it is acceptable to us. Please add to our order an additional

1000 kegs of 8d Coated Coolers making this item now read 2000 kegs."

The references are inaccurate. The original letter of the defendant did not specify " about four weeks." It asked if plaintiffs were "in position to accept delivery of 3 to 6 weeks." The " subsequent quotation " spoke of " part shipment in about four weeks," and said " we can take care of your requirements . . . providing order is placed with the understanding that delivery will be made at the very earliest opportunity presented." The letter of December 26 says " If delivery could be made within this time, [three to six weeks,] it is acceptable to us." This was not the assent which the defendant had asked as a condition of having " this order remain."

It is not unreasonable to suppose it was with the desire to have the order remain, that the plaintiffs concluded their letter of December 26 with " Please add to our order an additional 1000 kegs of 8d Coated Coolers making this item now read 2000 kegs."

It is worthy of note that, although an "Acknowledgment Of Order " followed upon somewhat similar requests in later letters, no such acknowledgment was now sent. The defendant, as it was justified in doing, treated the matter as at an end. It paid no attention to this addition to the order, and the plaintiffs make no claim that it did. Count one of the declaration is apparently based on an alleged contract consistent with this letter, but it alleges a sale of three thousand four hundred and not of four thousand four hundred kegs. That count alleges a contract for sale and delivery at specified times, made in the latter part of the year 1919 and the early part of the year 1920, evidenced by writings set out as exhibits B to Z, and it alleges as a breach the failure to deliver. So far as it rests upon what has been discussed, it fails to state a case; for the writings do not show that a contract was entered into.

The situation is different from that in *Ozzola* v. *Musolino*, 225 Mass. 512, relied on by the plaintiffs. In that case an offer was made in letters beginning in June, 1910; it was ac-

cepted in a letter of August 5; and an attempt was made to withdraw the offer on August 16. This court said the offer could not be withdrawn. Here there is nothing to prove, and no allegation is made, that the two papers, claimed by the plaintiffs to be an acceptance of their offer and what amounted to a refusal to accept it, were not, in fact, simultaneous.

Consideration of the first count could properly end here, were it not for an allegation of substituted performance of part of the alleged contract. The delivery of nails there referred to is covered by exhibits S, T, U, W, X, Y, and Z. These contain a request to the defendant to add fifty kegs of 3d nails to order S-2812 long after the completed delivery of that order should have been made if the plaintiffs were right in their contention; a refusal at the original prices; an attempt to substitute at the original prices; two inquiries about delivery of other goods; a reply which apparently is concerned with the order for fifty kegs of 3d nails, and a bill for the fifty kegs at a price never specified in regard to any items of order S-2812. This bill the declaration states was paid. It is manifest that the transaction forms no part of the alleged contract on which the count is based. The plaintiffs seem to be seeking to keep their order S-2812 alive; while the defendant ignores it as a contract, though holding it as a basis for negotiations renewed from time to time by the plaintiffs. *Shohfi* v. *Rice*, 241 Mass. 211, does not apply.

The second count alleges a contract to sell and deliver four thousand kegs of nails, made on or about January 7, 1920, evidenced by the same correspondence referred to in count one. The exhibits relating especially to this are " I," " J," and " K." · " I," a letter of January 5, 1920, asks that defendant add to order S-2812 one thousand kegs each of 6d, 7d, 8d, and 10d, and that receipt of the letter be acknowledged. " J," a letter of January 7, advises that the addition is made and encloses " K," an "Acknowledgment of this additional specification." " K " is an " Acknowledgment Of Order " on a blank like that of exhibit F, bearing defendant's factory number 217, and referring to order " S-2812 supplemented by letter 1/5/20."

Count three alleges a contract to sell and deliver one thousand kegs of nails, made on or about January 9, 1920, evidence, by the same correspondence referred to in counts one and two. Exhibits L and M show, respectively, an order from the plaintiffs, bearing date January 8, 1920, asking that defendant add to order S-2812 five hundred kegs 6d and five hundred kegs 8d nails of a different kind from any previously specified, and that receipt of the request be acknowledged; and an " Acknowledgment Of Order " on the usual blank bearing a reference to " No. S-2812 see letter 1/8/20," defendant's factory number 435 dated 1/9/20, and prices which differ from any so far appearing.

The plaintiffs contend that counts two and three show contracts, consummated by order and acknowledgment, upon the terms for delivery established in regard to the contract alleged in count one. Their difficulty is, in part, that no contract is made out for count one; and, in part, that, as already stated, the form " Acknowledgment Of Order " does not constitute an acceptance. In this correspondence, again, the plaintiffs seem to be trying to get from the defendant something which will amount to an acceptance of the terms for shipment which they desire; while the defendant is ready to do business on its terms when the plaintiffs came to them. Beyond acknowledging the orders, the defendant sends no letter and makes no new proposition. The conditions of its letter, exhibit G, have not been accepted. It has been told, by inference, that the plaintiffs do not care to have the order remain, for the letter, exhibit H, does not assent to the terms of its letter exhibit G; yet the plaintiffs are asking additions to the order.

On Wednesday, January 21, a new phase of the matter begins. Under that date the plaintiffs write, exhibit N, referring to their order S-2812 dated December 19 and their " order of the 8th inst." and say that the order was placed " with the understanding that complete shipment was to be made within three to four weeks " and they would like to know by return mail when material will come forward. The defendant replies, exhibit O, on Monday, January 26, referring to its letter, exhibit G, " written on receipt of your

original order," and the reply of December 26, and says it will take up the matter with the manufacturers " but if you insist upon shipment within three to four weeks, as per the second paragraph of your January 21st letter, which promise we never made to you either previous to the placing of this order or since, we will have to consider the matter as closed."

In exhibit R, under date of January 27, the plaintiffs reply: " It is very true regarding the inter-change of our letters, however, yours of Dec. 24th stated that you expected to make partial shipment within four weeks and as this time has now expired we would appreciate any shipments which you may be able to forward at this time." This is inconsistent with the present claim of a binding agreement such as is alleged in the declaration.

While these letters were being interchanged, the plaintiffs wrote on January 26, exhibit P, asking the defendant to add five hundred kegs of 10d Coated Box nails (the kind ordered January 8). If this could not be done, they asked that the order for one thousand kegs of 10d Coated Coolers (the kind of nails first ordered) be changed to five hundred kegs 10d Coated Coolers and five hundred kegs 10d Coated Box. They asked further when shipment of this order could be made. In reply, exhibit Q was sent on the blank form of acknowledgment of order, referring to " S-2812 supplemented by letter 1/26/20," giving defendant's factory number 1754 dated 1/29/20, stating the order is entered for five hundred kegs Coated Box 10d nails, fixing a price differing from any other, and stating, further, " Direct shipment." It said nothing as to time of shipment.

This last transaction is the contract for breach of which count four is filed. This count fails for the reasons already given. In substance it is like the others.

The only exhibits remaining for examination are W and X, letters of February 10 and of February 18, asking advices when to expect shipment of nails on order S-2812; and Y, a letter of February 24, 1920, from the defendant stating that it expects a partial shipment in early March and promising to use every power to expedite delivery. Exhibit Y mentions a letter from the plaintiffs of February 15. No such letter

appears in the exhibits.    Apparently Y refers to the trans-
action inaugurated by exhibit S.

The entire correspondence fails to show that the defendant
made the contract alleged in any of the counts of the declara-
tion.    There was, consequently, no breach of any contract
as alleged, and no legal cause of action was set out.    The
trial judge was right in sustaining the demurrer.    The de-
fects are matters of substance; and in accord with the agree-
ment set out in the report, the order must be

*Judgment for the defendant.*